STATE OF CONNECTICUT *v.* SHELDON YATES

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued October 13—decision released November 29, 1977

*Max F. Brunswick,* for the appellant (defendant).

*Ernest J. Diette, Jr.,* assistant state's attorney, with whom, on the brief, were *Arnold Markle,* state's attorney, and *John J. Kelly,* assistant state's attorney, for the appellee (state).

BOGDANSKI, J. The defendant was charged in an information with the crime of assault in the first degree in violation of § 53a-59 (a) (1) of the General Statutes and the crime of attempted robbery in the first degree in violation of § 53a-49 of the

General Statutes and 1975 Public Acts, No. 75-411, § 1 (a) (1) (now § 53a-134 (a) (1) of the General Statutes). On a trial to a jury he was found guilty on both counts. He appealed from the judgment rendered on the verdict and briefed the following four issues: (1) error in the action of the trial court in compelling two of the defendant's witnesses to testify in prison clothing; (2) error in compelling the attorney for one of the defendant's witnesses to disclose a privileged communication; (3) error in permitting the state's witnesses to testify pursuant to improper grants of immunity; and (4) error in permitting the state to present an expert witness not disclosed to the defendant prior to the trial.

Evidence was submitted at the trial from which the jury could have found the following facts: On February 16, 1976, at about 8 p.m., in the city of New Haven, three men forced one Benjamin DiLieto into an alleyway. When it became apparent that DiLieto had no money, two of the men fled, and the defendant shot DiLieto in the chest.

The defendant first claims that the court erred in compelling two of his witnesses, Douglas Thomas and Wilbur Cannon, to testify in prison garb, asserting that such attire detracted from their testimonial credibility. The defendant timely objected to that procedure, and the state did not oppose the objection. The court, however, overruled the objection, and the witnesses were compelled to testify in their prison attire.

If the defendant himself were placed on trial while dressed in a prison uniform, there would be error. *Estelle* v. *Williams,* 425 U.S. 501, 96 S. Ct. 1691, 48 L. Ed. 2d 126. "[T]he constant reminder

of the accused's condition implicit in such distinctive, identifiable attire may affect a juror's judgment." Id., 504.

The logical extension of that principle applies to incarcerated witnesses who are required to testify while dressed in prison attire.[1] In the minds of the jurors the credibility of such witnesses can be affected in the same manner as the presumption of innocence can be diminished by the defendant's appearance in prison garb. A defendant has a constitutional right to a fair trial and it is the duty of the trial court to prevent situations from arising during the trial which would prejudice the accused in the minds of the jury. See *United States* v. *Carter*, 522 F.2d 666 (D.C. Cir.); *State* v. *Coursolle*, 255 Minn. 384, 389, 97 N.W.2d 472.

In the present case, however, whatever prejudice may have been caused by the witnesses' attire was nullified by the fact that the witnesses themselves testified to their prior felony convictions and their experiences while in prison. The error viewed in the context of that testimony, therefore, cannot be said to be prejudicial or to have deprived the defendant of a fair trial.

The defendant next claims that the court erred in compelling Attorney David F. Egan to disclose confidential communications which he had with his client, the witness Cannon. In its questioning of Egan, the state did not seek the substance of any

---

[1] On June 7, 1976, the judges of the Superior Court adopted Practice Book § 2378, which states in part: "An incarcerated defendant or an incarcerated witness shall not be required during the course of a trial to appear in court in the distinctive attire of a prisoner or convict."

communication that Egan may have had with his client. Rather, Egan was asked if he was contacted by his client, where he was contacted, and what he did after the meeting with his client. That information was sought in order to rebut Cannon's testimony that the police had initiated an attempt to solicit false testimony about the defendant. Egan's testimony was to the effect that he had contacted the police on behalf of his client after meeting with the client.

"The fact that an attorney may not disclose privileged communications between himself and his client does not affect his capacity and duty to testify to other matters when called on to do so." *State* v. *Manning,* 162 Conn. 112, 120, 291 A.2d 750. In the present case Attorney Egan was asked not about any communication but about certain events that occurred after a meeting with his client. Such information is not privileged.

The defendant nevertheless contends that the state improperly circumvented the privilege by the manner in which it elicited the information. The alleged confidential information which can be implied from the testimony was that Cannon had asked his attorney to contact the police to arrange such a meeting. Such a communication could not be confidential since it was meant to be transmitted to another. It was, therefore, not privileged. 8 Wigmore, Evidence, § 2311 (McNaughton Rev. 1961).

The defendant further contends that the court erred in compelling the state's witnesses, Ronald Cohens and James Jones, to testify while under improper immunity grants. They were granted immunity upon the state's motion pursuant to

§ 54-47a of the General Statutes[2] and, thereafter, testified on behalf of the state. At the trial, the defendant objected to the immunity grants on the ground that the applications were made by an assistant state's attorney rather than by the state's attorney as specified in the statute.

Section 54-47a of the General Statutes must be read in conjunction with § 51-278 of the General Statutes[3] which provides that assistant state's attorneys shall assist the state's attorney and at his request shall exercise all his duties. Pursuant to

---

[2] General Statutes § 54-47a provides, in pertinent part: "Whenever in the judgment of the chief state's attorney, a state's attorney or the deputy chief state's attorney the testimony of any witness . . . in any criminal proceeding involving . . . felonious crimes of violence, before a court, grand jury of this state or, as provided in subsection (b) of section 54-47, a state referee, judge of the superior court or three judges of the court of common pleas, is necessary to the public interest, the chief state's attorney, the state's attorney, or the deputy chief state's attorney, may, with notice to the witness, after the witness has claimed his privilege against self-incrimination, make application to the superior or court of common pleas for an order directing the witness to testify . . . . Upon the issuance of such order such witness shall not be excused from testifying . . . in such case or proceeding on the ground that the testimony or evidence required of him may tend to incriminate him or subject him to a penalty or forfeiture. No such witness shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter or thing concerning which he is compelled to testify or produce evidence, and no testimony or evidence so compelled, and no evidence discovered as a result of or otherwise derived from testimony or evidence so compelled, shall be used as evidence against him in any proceeding, except that no witness shall be immune from prosecution for perjury or contempt committed while giving such testimony . . . ."

[3] General Statutes § 51-278 provides, in pertinent part: "[A]ssistant state's attorneys . . . shall assist the state's attorneys . . . in all criminal matters and, in the absence from the county or district or disability of the state's attorney or at his request, shall . . . perform all the duties of state's attorney . . . ."

those statutes, the assistant state's attorney was authorized to make the applications for immunity and the court acted properly in granting them.

The defendant's final claim concerns the court's action in allowing the state to present an expert witness who had not been disclosed to the defendant prior to trial. The witness testified concerning lighting conditions at the scene of the crimes.

The state represented that the witness was not disclosed before trial because it was not then known that such a witness would be necessary. That witness' testimony became relevant only when it became apparent at the trial that the defendant would rely for his defense on the alleged poor lighting conditions at the scene of the crimes.

Moreover, the production of the witness was within the reservation made by the state when the motion for disclosure of witnesses was granted. At that time, the state indicated that in the event unforeseeable rebuttal evidence might be necessary as a result of defense evidence, the state would call witnesses not on its list prior to trial. The court did not err in permitting the testimony.

There is no error.

In this opinion the other judges concurred.