ANTONIO FRANCISCO GROOMS, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 11580

February 6, 1980                                   605 P.2d 1145

*Norman Y. Herring,* State Public Defender, and *J. Gregory Damm,* Deputy Public Defender, Carson City, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; and *Thomas L. Stringfield,* District Attorney, Elko County, for Respondent.

## OPINION

*Per Curiam:*

Antonio Francisco Grooms appeals from his conviction for burglary[1] on the ground that his constitutional rights were violated when the jury panel viewed him in handcuffs and without shoes. *See* Chandler v. State, 92 Nev. 299, 550 P.2d 159 (1976); Sefton v. State, 72 Nev. 106, 295 P.2d 385 (1956); State v. McKay, 63 Nev. 118, 165 P.2d 389 (1946). The state concedes that error occurred but contends that, on the facts of this case, the error was harmless.

---

[1] NRS 205.060 provides in part:

"1. Every person who, either by day or night, enters any house, room,

A criminal defendant clearly has the right, barring exceptional circumstances not here relevant, *see* Illinois v. Allen, 397 U.S. 337 (1970), Sefton v. State, *supra,* State v. McKay, *supra,* to appear before his jurors clad in the apparel of an innocent person. *See* Estelle v. Williams, 425 U.S. 501 (1976); Chandler v. State, *supra.* The presumption of innocence is incompatible with the garb of guilt. When such error has occurred, it is our duty to reverse a conviction *unless it is clear that the defendant was not prejudiced thereby. See* Chandler v. State, *supra;* People v. Reingold, 353 N.Y.S. 2d 978 (Sup. Ct. App. Div. 1974). Having conducted our own independent examination of the record, we have concluded that, on the facts of this case, no prejudice resulted.

We note that the viewing of appellant occurred while he was being transported to the courtroom; the district judge ordered the handcuffs removed shortly thereafter. While the procedures that permitted this incident to occur are to be condemned, clearly we are not faced with the far more egregious situation where a criminal defendant has been forced to attend his trial in restraints. *Compare* State v. George, 403 P.2d 932 (Ariz. 1965), Starr v. State, 71 S.E.2d 654 (Ga. 1952), Scott v. State, 88 Nev. 682, 504 P.2d 10 (1972), and Commonwealth v. Carter, 281 A.2d 75 (Pa. Super. 1971) *with* State v. Roberts, 206 A.2d 200 (N.J.App. 1965). *Voir dire* disclosed that only three of the jury panelists had witnessed the incident; and none of those panelists who served on the jury formed any opinion as to appellant's guilt or innocence or dangerous character. All the jurors testified that they would be able to put the incident out of their minds and judge appellant solely on the èvidence adduced at trial. *See* State v. Purcell, 572 P.2d 439 (Ariz. 1977). They also stated that if, during the course of the trial, they found themselves unable to ignore the incident, they would inform the judge of that inability. None of the jurors was challenged for cause; nor did appellant exhaust his peremptory challenges. In addition, the district judge specifically instructed the jury that the incident was not to be considered in their deliberations. *See* State v. Purcell, *supra,* State v. Sawyer, 371 P.2d 932 (Wash. 1962), *cert. denied,* 372 U.S. 919 (1963).

Thus, on the record before us, we believe that any prejudice that resulted from the viewing was cured by the scrupulous

apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel, vehicle, vehicle trailer, semitrailer or housetrailer, or railroad car, with intent to commit grand or petit larceny, or any felony, is guilty of burglary.''

conduct of the district judge in ensuring that jurors were not influenced by the error.

Accordingly, we affirm the judgment of conviction.