HOWARD LEE WHITE, Appellant, *v.* THE
STATE OF NEVADA, Respondent.

No. 18462

March 30, 1989 771 P.2d 152

[Rehearing denied June 23, 1989]

*Morgan Harris,* Public Defender, *Sharon L. Gwin,* Deputy
Public Defender, and *D. Eugene Martin,* Deputy Public
Defender, Clark County, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Rex Bell,* District Attorney, and *James Tufteland,* Deputy District Attorney,
Clark County, for Respondent.

## OPINION

*Per Curiam:*

A jury convicted appellant for burglary, and after a hearing before District Judge Joseph Pavlikowski, appellant was adjudged an habitual criminal. Appellant was sentenced to life in prison with the possibility of parole. NRS 207.010(2).

Appellant challenges the finding of habitual criminal, arguing that his past convictions are stale, and that the sentence imposed is disproportionate to the crime charged. Appellant further contends that the district court erred by allowing the only defense witness, other than appellant, to be brought into court to testify in chains and prison attire. Finally, appellant appeals from the trial court's denial of a pretrial writ of habeas corpus alleging insufficient evidence to support probable cause, and that the trial court erred by conducting the hearing without appellant present.

Appellant contends that his prior convictions, which were considered by the trial court in finding appellant an habitual criminal, were stale and trivial and should not have been considered by the court. Appellant argues that this court should consider the ten year limit for the admissibility of past convictions for use as impeachment evidence, as set out in NRS 50.095, as a guide in determining the admissibility of past convictions at a hearing on the status of an habitual criminal. This court rejects appellant's proffer.

The legislature placed no time limit in the recidivist statute on prior convictions which can be considered in enhancing the appellant's sentence. Curry v. Slansky, 63 F.Supp. 947 (D.Nev. 1986). Further, appellant's six prior felony convictions, one a violent crime against the person, are not trivial. *Id.* at 952. The trial court did not abuse its discretion when deciding that appellant's six past criminal convictions warranted a finding of habitual criminal.

Appellant contends that his sentence, life in prison with the

possibility of parole, is disproportionate to the crime charged, and therefore violative of the Eighth Amendment to the United States Constitution's proscription against cruel and unusual punishment. Appellant's sentence is within the statutory limit, and therefore not cruel and unusual punishment unless it is so disproportionate to the crime or crimes charged that it shocks the conscience. Lloyd v. State, 94 Nev. 167, 575 P.2d 740 (1978). Appellant is eligible for parole from imposition of the life sentence, in 10 years. NRS 207.010. The maximum sentence for burglary is 10 years. NRS 205.060. Accordingly, we hold that appellant's sentence of life in prison, with the possibility of parole in 10 years is not disproportionate to the crime of burglary, and does not shock the conscience. Houk v. State, 103 Nev. 659, 747 P.2d 1376 (1987).

 ██ ██

Appellant argues that it was a denial of due process to bring a defense witness into the courtroom in prison attire and physical restraints. The United States Supreme Court and the Nevada Supreme Court have recognized that it is a violation of the defendant's due process rights for a state to compel an accused to stand trial in prison clothing, as prison attire is inconsistent with the presumption of innocence mandated by the constitution. Estelle v. Williams, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1926); Grooms v. State, 96 Nev. 143, 605 P.2d 1145 (1980). Defense witnesses are not cloaked in the accused's presumption of innocence. Consequently there is no constitutional right accorded to a defendant to have his prison witness appear in civilian clothes. *See* McMannis v. Mohn, 254 S.E.2d 805 (W.Va. 1979).[1]

This court has yet to decide whether the denial of a pretrial writ of habeas corpus alleging insufficient evidence to support probable cause to bind the defendant over for trial—where the defendant is later convicted—is appealable. *See* Snow v. State, 101 Nev. 439, 705 P.2d 632 (1985). However, in this case there

---

[1] The *Mohn* decision noted, that since prison witnesses do not appear in court without some prior arrangements with the custodial authorities, the court believed it was incumbent upon defense counsel to make voluntary arrangements with the custodial authorities to allow the prison witnesses to appear in civilian attire. 254 S.E.2d at 809, n.3.

Furthermore, the court stated that most courts recommend that a pretrial hearing be held if voluntary arrangements cannot be made on the use of physical restraints. The purpose of the hearing is to settle the issue in advance of trial so that the court is not suddenly confronted with the witness being brought into court in physical restraints. The court felt it placed no undue burden on defense counsel, who is familiar with the status of the defendant and his witnesses, to initiate such a hearing. *Id.* at 810, n.7.

was sufficient evidence presented to support a finding of probable cause. *Id.* at 445.

The district court did abuse its discretion when it conducted the hearing on the writ of habeas corpus without the appellant present. However, appellant was represented by counsel at the hearing. Further, the contentions raised in the petition were without merit. No substantial right of appellant was affected by way of his absence from the hearing. Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded. NRS 178.598.

None of appellant's contentions are persuasive.

Accordingly, we affirm Howard Lee White's conviction for burglary and the district court's finding of White's status as an habitual criminal.