669 So.2d 497 (1996)
STATE of Louisiana
v.
Hoxie MARCELIN.
No. 94-KA-2432.
Court of Appeal of Louisiana, Fourth Circuit.
January 31, 1996.
Harry F. Connick, District Attorney, Kim Madere Graham, Assistant District Attorney, New Orleans, for Plaintiff/Appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for Defendant/Appellant.
Before SCHOTT, C.J., and LOBRANO and JONES, JJ.
SCHOTT, Chief Judge.
Defendant was convicted of being a convicted felon in possession of a firearm in violation of La.R.S. 14:95.1. He was sentenced to five years at hard labor without the benefit of parole, probation, or suspension of sentence, and a fine of $1,000.00.
Midmorning on May 11, 1994, police officers responded to a call of criminal damage to property at the apartment of Tonya Hill. A rear window had been broken in the apartment, and Ms. Hill told the responding officers that the defendant broke the window. She indicated that defendant was her former boyfriend, and when she would not let him into the apartment, he broke the window. Ms. Hill gave the officers a physical description of defendant and of his clothing. She told them that defendant could be found in the 1900 block of Sixth Street, near the corner of Dryades Street.
Officers Cotton and Scott drove to that location and spotted two men sitting on the steps of 1919 Sixth. One man was James Smith who lived at this address and the other was the defendant who fit the description given by Ms. Hill. As the officers pulled up to the men, defendant got up, and ran down an alley toward the back of the building. Officer Cotton gave chase, while Officer Scott remained in the car in case defendant veered in a different direction. Both officers saw defendant throw a gun up into the air while running down the alleyway. Defendant *498 was apprehended and Officer Cotton retrieved the gun.
The officers took defendant back to Ms. Hill's apartment, where she identified him as the person who broke her rear window. A computer check revealed defendant had a prior felony conviction.
Defendant testified that he wanted to retrieve his clothes from Hill's apartment, but she would not let him in. He got a knife from Smith intending to use it to pry open a window in Hall's apartment and was sitting on the steps with Smith when the officer drove up. He threw the knife inside the house and walked toward the officers who grabbed him. They found a gun in the adjoining lot, but he denied possessing it. He admitted he was a convicted felon and knew he was not supposed to possess the gun.
Smith testified that he was talking to defendant on his front steps when the police came and defendant threw the knife inside his house. He didn't see him with a gun, but he said defendant walked into the alley at one point and he lost sight of defendant at that time. He said the officers found a gun in the lot next door after a search of that area. He admitted to prior convictions for carrying a concealed weapon and possession of a stolen gun.
A review of the record for errors patent reveals none.
When the case was tried Smith was being detained in Parish Prison having been arrested a few weeks earlier on unrelated charges. Defendant moved to allow him to testify in street clothes because when he appeared before the jury it would be obvious that he had been arrested. In denying the motion the judge stated that he did not want two inmates unshackled in his court at the same time. The parties stipulated before the jury that Smith had been arrested and was being detained until a decision was made whether or not to charge him with auto burglary. By his sole assignment of error in this court defendant contends the trial court erred in refusing to allow the witness to testify in street clothes and without shackles thereby allowing the jury to know about the witness's arrest.
Defendant argues that he was deprived of a fair trial because his only witness's credibility would be compromised when the jury knew he was under arrest and being detained. He relies upon the prohibition against evidence of arrest by LSA-C.E. art. 609.1 to support his position. However, when Smith testified he admitted that he had a prior conviction for possession of a concealed stolen gun, he did not indicate how old this conviction was so the jury could have assumed that he was in prison for this offense and there was no need to inform the jury of Smith's arrest.
In any event, defendant cites no authority for the proposition that he is entitled to dress his witness who is in jail in such a way as to conceal that fact and we are not aware of any such authority. Only sheer speculation supports the theory that this defendant was deprived of a fair trial because his witness, whom the jury would legitimately learn was a convicted felon, would lose his credibility because of his appearance in shackles. This assignment is meritless.
Accordingly, the conviction and sentence are affirmed.
AFFIRMED.