# DENNIS LYDELL HIGHTOWER, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 47267

April 5, 2007

154 P.3d 639

*Amesbury & Schutt* and *John P. Parris*, Las Vegas, for Appellant.

*Catherine Cortez Masto*, Attorney General, Carson City; *David J. Roger*, District Attorney, and *James Tufteland*, Chief Deputy District Attorney, Clark County, for Respondent.

Before GIBBONS, DOUGLAS and CHERRY, JJ.

## OPINION

By the Court, DOUGLAS, J.:

Appellant Dennis Lydell Hightower argues that the district court erred in denying his request to allow an incarcerated defense witness to appear at trial in civilian clothing. We agree and conclude that, absent unusual circumstances, incarcerated witnesses should not be compelled to appear at trial in the distinctive attire of a prisoner. While the district court erred by compelling a defense witness to testify while clad in jail attire, we conclude that the error was harmless beyond a reasonable doubt. We therefore affirm the judgment of conviction.

### FACTS

The victim in this case was a good samaritan who stopped his vehicle along the roadside to assist a stranded bicyclist in need of help. After the victim exited his vehicle to check a bicycle tire, Hightower's codefendant Derrick Farr repeatedly hit the victim in the face knocking him to the ground. While the victim was on the ground, Hightower took his wallet and keys. Hightower, Farr, and a female then got into the victim's vehicle and drove away.

Las Vegas Metropolitan Police Officer Christian Jackson responded to the area where the robbery occurred. Approximately

five minutes later, he observed the victim's vehicle and conducted a felony traffic stop. Inside the vehicle were Hightower, Farr, and Estelle Golightly. Hightower and Farr were both identified by the victim as participants in the robbery. They were arrested; charged with conspiracy, robbery, and grand larceny; and had a joint trial.

At trial, Golightly served as a defense witness. At the time, she was incarcerated for a gross misdemeanor conviction and a warrant on a probation violation. Prior to the beginning of the defense case, counsel for Farr informed the district court that he had brought clothing for Golightly to wear while testifying. The district court refused counsel's request to allow Golightly to change out of her jail clothing. Defense counsel for Hightower objected.

Golightly testified at trial in her jail clothing. She admitted that she was currently in jail, serving a sentence for a gross misdemeanor and being held for a warrant on a probation violation. She also admitted that she was a crack cocaine addict and a prostitute. Golightly explained that the alleged victim was a john who had let her use his car in exchange for sex. Golightly further explained that Hightower and Farr went with her in the borrowed vehicle on the day they were arrested to pick up some laundry and get something to eat.

Despite Golightly's testimony, the jury convicted Hightower of one count each of gross misdemeanor conspiracy to commit larceny, gross misdemeanor unlawful taking of a motor vehicle, and felony conspiracy to commit robbery. The district court adjudicated Hightower as a habitual criminal and sentenced him to credit for time served for the gross misdemeanor counts and a prison term of five to twenty years for the felony conspiracy count. Hightower filed this timely appeal.

## DISCUSSION

A criminal defendant has a fundamental right to a fair trial secured by the United States and Nevada Constitutions.[1] "In the administration of criminal justice, courts must carefully guard against dilution of the principle that guilt is to be established by probative evidence and beyond a reasonable doubt."[2] To prevent the dilution of the presumption of innocence, an accused should generally not be compelled to stand trial in the distinctive attire of a prisoner.[3] The United States Supreme Court has explained in *Estelle v. Williams* that a criminal defendant is allowed to wear

---

[1]U.S. Const. amend XIV; Nev. Const. art. 1, § 8; *see also Estelle v. Williams*, 425 U.S. 501, 503 (1976).

[2]*Estelle*, 425 U.S. at 503.

[3]*White v. State*, 105 Nev. 121, 123, 771 P.2d 152, 153 (1989); *Grooms v. State*, 96 Nev. 142, 144, 605 P.2d 1145, 1146 (1980).

civilian clothing at trial because identifiable prison attire is a "constant reminder of the accused's condition" that "may affect a juror's judgment."[4] The Supreme Court has also explained that the attire of the accused is "so likely to be a continuing influence throughout the trial that . . . an unacceptable risk is presented of impermissible factors coming into play."[5] However, the Supreme Court has not addressed whether incarcerated defense witnesses are afforded similar constitutional protection as the accused.

Over seventeen years ago, in *White v. State*, this court declined to extend the constitutional protection discussed in *Estelle* to defense witnesses.[6] In particular, we held that, because the presumption of innocence applies solely to the accused, a district court may properly refuse a defendant's request for an incarcerated witness to appear in civilian clothing.[7] However, in his appellate brief, Hightower notes that *White* represents the minority position on this issue and, in fact, Nevada almost stands alone in compelling incarcerated witnesses to appear at trial in jail attire.[8]

The overwhelming majority of jurisdictions hold that an incarcerated witness should not be compelled to testify in prison clothing.[9] The American Bar Association also recommends that a defense witness should not appear at trial in prison attire, unless the defendant waives the right by failing to object.[10] Almost uniformly, courts have recognized that requiring an incarcerated defense witness to appear in prison clothing may prejudice the accused by undermining the witness's credibility in an impermissible manner.[11] Moreover, the jurors may believe a defense witness associated with the accused is putatively guilty and view the defendant as "guilt[y] by association."[12] And absent unusual circumstances, no

---

[4]*Estelle*, 425 U.S. at 504-05.

[5]*Id.* at 505.

[6]105 Nev. at 123, 771 P.2d at 153.

[7]*Id.*

[8]*But see State v. Marcelin*, 669 So. 2d 497 (La. Ct. App. 1996).

[9]*See State v. Yates*, 381 A.2d 536 (Conn. 1977); *Mullins v. State*, 766 So. 2d 1136 (Fla. Dist. Ct. App. 2000); *State v. Artwell*, 832 A.2d 295 (N.J. 2003); *State v. Rodriguez*, 45 P.3d 541 (Wash. 2002); *State v. Allah Jamaal W.*, 543 S.E.2d 282 (W. Va. 2000); *see also United States v. Carter*, 522 F.2d 666, 677 (D.C. Cir. 1975) ("condemn[ing] the practice of producing prisoners in court who are dressed in clothes typical of jails or penal institutions, when this circumstance may arguably cause injury to a defendant's case").

[10]*ABA Standards for Criminal Justice: Discovery and Trial by Jury*, Standard 15-3.2(b) (3d ed. 1996).

[11]*Yates*, 381 A.2d at 537; *Artwell*, 832 A.2d at 303; *Rodriguez*, 45 P.3d at 544; *Jamaal*, 543 S.E.2d at 286.

[12]*Artwell*, 832 A.2d at 303; *see also State v. Russell*, 895 A.2d 1163, 1172 (N.J. Super. Ct. App. Div. 2006).

state interest is furthered by requiring an incarcerated witness to testify in prison clothing.[13]

While *White* correctly states that "[d]efense witnesses are not cloaked in the accused's presumption of innocence,"[14] the practice of requiring an incarcerated witness to appear at trial in jail garb may nonetheless prejudice a defendant affecting his constitutional right to a fair trial. "[I]t is the duty of the trial court to prevent situations from arising during the trial which would prejudice the accused in the minds of the jury."[15] And "courts must be alert to factors that may undermine the fairness of the fact-finding process."[16] We conclude that compelling an incarcerated witness to appear at trial in the garb of a prisoner may taint the fact-finding process. Accordingly, we modify *White* and hold that in future cases, absent unusual circumstances, district courts should not compel incarcerated witnesses to appear at trial in the distinctive attire of a prisoner. The burden is on the defendant to timely request that the incarcerated witness be permitted to testify in civilian clothing, and the failure to make such a request is deemed a waiver of the right.[17] If a district court denies a defendant's request, it must set forth its findings on the record.[18] The trial court's ruling will be reviewed for an abuse of discretion.[19] A ruling that is erroneous may be deemed harmless if the error did not substantially influence the verdict.[20]

In this case, the district court denied Hightower's request that defense witness Golightly be permitted to testify in civilian clothing without considering the prejudice to Hightower. The State asserts that the district court did not err in doing so because the request was untimely. We note, however, that Hightower's request was made before Golightly testified, and there is no indication in the record that allowing her to change into the civilian clothing provided by defense counsel would have significantly delayed the

---

[13]*Artwell*, 832 A.2d at 303 ("the fact that it may be more convenient for prison administrators to allow defense witnesses to remain dressed in prison clothes is not an essential state interest that justifies the practice").

[14]105 Nev. at 123, 771 P.2d at 153.

[15]*Yates*, 381 A.2d at 537.

[16]*Estelle*, 425 U.S. at 503.

[17]*Jamaal*, 543 S.E.2d at 287.

[18]*Id.*

[19]*Id.*

[20]*Yates*, 381 A.2d at 537; *see also Chapman v. California*, 386 U.S. 18 (1967).

trial. While we acknowledge that it may have been inconvenient for jail administrators to monitor Golightly while she changed clothing, the United States Supreme Court has recognized that the mere convenience of jail administrators is not an "essential state policy."[21]

■■■■■ ■■

We therefore conclude that, under the prospective rule we announce today, the district court erred by compelling Golightly to testify while clad in jail attire. However, the error was harmless beyond a reasonable doubt. The evidence of guilt presented by the State at trial was convincing.[22] The victim's identification of Hightower as a perpetrator of the crime was unequivocal, and a police officer apprehended Hightower shortly after the robbery occurred inside the victim's vehicle. Additionally, the potential negative effect of the prison attire on Golightly's credibility was minimal given that she testified that she was engaged in illegal prostitution and drug use and was currently incarcerated for a gross misdemeanor as well as an arrest warrant on a probation violation. Accordingly, we conclude beyond a reasonable doubt that the verdict was not attributable to the error.[23]

## CONCLUSION

As a general rule, incarcerated witnesses should not be compelled to appear at trial in prison clothing. However, the burden is on the defendant to timely request that the incarcerated witness be permitted to testify in civilian clothing. While the district court erred by compelling a defense witness to appear at trial while clad in jail attire, the error was harmless beyond a reasonable doubt. We therefore affirm the judgment of conviction.

GIBBONS and CHERRY, JJ., concur.

---

[21]*Estelle*, 425 U.S. at 505.

[22]We reject Hightower's challenge to the sufficiency of the evidence. *See Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998). We also reject Hightower's challenge to the admission of a booking photograph into evidence. *See Browning v. State*, 120 Nev. 347, 358, 91 P.3d 39, 47 (2004) (concluding that a booking photograph "had no appreciable prejudicial effect since jurors had no reason to assume that it had been taken in any other case but the one for which [appellant] was being tried").

[23]*See Sullivan v. Louisiana*, 508 U.S. 275, 279 (1993).