An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

EVARISTO JONATHAN GARCIA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64221

**FILED**

MAY 18 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of second-degree murder with the use of a deadly weapon. Eighth Judicial District Court, Clark County; Abbi Silver, Judge. Appellant Evaristo Jonathan Garcia raises five issues.

First, Garcia contends that the evidence presented at trial was insufficient to support the jury's finding of guilt. Our review of the record on appeal, however, reveals sufficient evidence to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998). Numerous witnesses testified that they saw a Hispanic man of Garcia's approximate age wearing a gray hooded sweatshirt shoot Victor Gamboa during a schoolyard brawl. JH testified that he rode in a car with Garcia to the fight, that ML handed his gun to Garcia before getting into the car, that Garcia was wearing a gray hooded sweatshirt that night, that he saw Garcia shoot Gamboa in the back as Gamboa attempted to run away, and that he saw Garcia run into the neighborhood where the gun was found. EC testified that Garcia told him that he shot a boy and that he hid the gun in a toilet. A police officer testified that he found a gun in the tank of a toilet left on the curb as

15-15225

garbage, one block from the school. Latent fingerprint analysis identified two prints on the gun that were matched to Garcia. Cartridge casings from the scene of the shooting matched the gun to Gamboa's shooting. We conclude that the jury could reasonably infer from the evidence presented that Garcia intentionally killed Victor Gamboa with malice aforethought. *See* NRS 200.030(2); *Walker v. State*, 91 Nev. 724, 726, 542 P.2d 438, 439 (1975) ("[I]t is the function of the jury, not the appellate court, to weigh the evidence and pass upon the credibility of the witness.").

Second, Garcia contends that the district court erred in denying his motion to suppress evidence of MG's identification of Garcia at the preliminary hearing on the ground that the identification was not reliable. We review a district court's ruling on a motion to suppress identification testimony for abuse of discretion because it is an evidentiary decision. *See Mclellan v. State*, 124 Nev. 263, 269, 182 P.3d 106, 110 (2008). An in-court identification must be unnecessarily or impermissibly suggestive, creating a risk of irreparable misidentification, to warrant suppression under *Stovall v. Denno*, 388 U.S. 293, 301-02 (1967), and this risk is less present when an identifying witness is subject to immediate challenge by cross-examination. *Baker v. Hocker*, 496 F.2d 615, 617 (9th Cir. 1974); *see United States v. Domina*, 784 F.2d 1361, 1368 (9th Cir. 1986) (noting problem with suggestive pretrial identifications is that witness later identifies individual in court on basis of prior suggestive identification, rather than from personal recollection); *Baker v. State*, 88 Nev. 369, 374 n.3, 498 P.2d 1310, 1313 n.3 (1972) (observing that other jurisdictions had reversed where a suggestive identification at preliminary hearing tainted witness's trial identification). MG did not identify Garcia at trial as the perpetrator—rather, she acknowledged that she identified

the shooter at the 2008 preliminary hearing and stated that she did not recognize him at the 2013 trial—and, accordingly, MG's prior identification did not taint her trial testimony. The district court considered the issue of MG's prior identification moot because she did not identify him at trial. MG's identification of Garcia at the preliminary hearing did not constitute a reversible due process violation when MG was subject to immediate and thorough cross-examination at the preliminary hearing and at trial and did not identify Garcia at trial. We conclude that the district court did not abuse its discretion.

Third, Garcia argues that the district court erred in denying his motion to compel a psychological examination of JH, who he argued was rendered incompetent to testify by a brain injury. This court will uphold the district court's finding of competency absent a clear abuse of discretion, *Evans v. State*, 117 Nev. 609, 624, 28 P.3d 498, 509 (2001), and its decision whether to deny a request for a psychological examination for an abuse of discretion, *Abbott v. State*, 122 Nev. 715, 723, 138 P.3d 462, 467 (2006). The district court should order an examination when a defendant demonstrates a compelling need for an examination, taking into account whether there is little or no corroboration of the offense beyond the challenged testimony and whether reasonable grounds support that the victim's mental state has affected his veracity. *Id.* at 723-25, 138 P.3d at 468-69. The district court found that JH was able to perceive an event and competently relate it back and that contradictory assertions in his statements were subjects for cross-examination. The district court further ordered disclosure of JH's medical records for examination by Garcia's expert. In his testimony, JH demonstrated an ability to present his personal recollections without becoming confused and did not exhibit

difficulties when Garcia's counsel attempted to confuse him during cross-examination, such that no compelling need for a psychological examination was evident. Having considered the record, we conclude that the district court did not abuse its discretion in denying Garcia's motion for a psychological examination.

Fourth, Garcia argues that his due process rights were violated when EC testified in shackles pursuant to a material witness warrant because this bolstered EC's credibility. Courts should not compel an incarcerated witness to appear in prisoner attire absent unusual circumstances. *Hightower v. State*, 123 Nev. 55, 59, 154 P.3d 639, 642 (2007). The defendant bears the burden to timely request that an incarcerated witness not appear in prisoner attire. *Id.* Garcia failed to timely object to EC's appearance or request that he appear without shackles. We therefore review his allegations of error for plain error. *Gallego v. State*, 117 Nev. 348, 365, 23 P.3d 227, 239 (2001), *abrogated on other grounds by Nunnery v. State*, 127 Nev. Adv. Op. 69, 263 P.3d 235 (2011). Garcia offers no support for his argument that the jury would give EC *greater* credibility because he appeared in shackles. *See Hightower*, 123 Nev. at 58, 154 P.3d at 641 (noting this court's prior observation that courts have almost uniformly recognized that appearing in prison clothing may undermine the witness's credibility). Further, Garcia's counsel drew attention to EC's detention in beginning cross-examination and his handcuffs during closing argument. We conclude that Garcia has not demonstrated plain error.

Fifth, Garcia argues that the State committed prosecutorial misconduct by presenting prejudicial evidence in support of a gang enhancement when the trial evidence did not meet the statutory criteria

for a criminal gang. We review claims of prosecutorial misconduct for improper conduct and then for whether reversal is warranted. *Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008). A group of persons may constitute a criminal gang when it has (1) a common name or identifying symbol; (2) particular conduct, status, and customs; and (3) felonious activities as one of its common activities.[1] NRS 193.168(8). The record shows that the discovery supported the State's decision to initially charge Garcia with a gang enhancement: (1) in separate recorded statements, EC, JH, and ML stated that Garcia was in their gang named "Puros Locos" or "PL," and several purported members had "Puros Locos" tattoos; (2) JH testified that he would participate in fights and spray paint "PL" on walls as part of the gang; and (3) JH testified in an earlier trial that he and ML had committed the felonious acts of giving away controlled substances to other gang members who were under the age of 18, and further that another gang member ordered him to kill someone. The State promptly amended the indictment to remove the gang enhancement when the district court concluded that trial testimony did not support the gang enhancement and prevented the State's gang expert from testifying. We conclude that the State's conduct was not improper because discovery reasonably suggested that the evidence supported a gang enhancement, *cf. Williams v. State*, 103 Nev. 106, 110, 734 P.2d 700, 703 (1987) (holding that a prosecutor may not argue facts or inferences not supported by the evidence), and the State withdrew the enhancement when it could no longer reasonably argue that the evidence satisfied NRS 193.168(8).

[1]Garcia's argument that the evidence did not show the felony convictions necessary to establish a gang misstates the law, which requires felonious acts, not convictions. NRS 193.168(8)(c).

Having considered Garcia's contentions and concluded that they are without merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Parraguirre

_____, J.          _____, J.
Douglas                               Cherry

cc:   Eighth Judicial District Court Dept. 15
      Goodman Law Group
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk