VAUGHN, Justice,
for the Majority:
Defendant-Below/Appellant Gerald Ma-sarone appeals from a Superior Court Order denying his motion for postconviction rehef. He presents two claims on appeal. *762 First, he claims that his trial counsel was ineffective by not advising him that he had a right to wear street clothes, rather than a prison uniform, at his trial, and by failing to provide him with street clothes. Second, he claims that the Superior. Court erred by failing to hold an evidentiary hearing on his first claim.
At a jury trial in July 2013, Masarone was convicted of driving under the influence of alcohol. It was his seventh DUI offense. The facts, briefly, are as follows. On January 22, 2013, a woman .driving southbound on Route 1 called 911 to report that she had witnessed a grey pickup truck “driving crazy” ahead of her. She watched the vehicle swerve in between the lines, almost hit a vehicle next to' it and then hit the Indian River Inlet bridge with the left front of the truck. Despite that collision, the truck kept going. Officers dispatched to look for the, vehicle found a grey pickup. ■ truck stopped just south of the Indian River Inlet bridge in the left turn lane and median. Masarone was passed out in the front seat. The truck was still in drive, but it was not moving because Masarone’s foot was on the brake pedal. The Officers awakened Masarone' with some difficulty and coaxed him out of the truck. He had difficulty keeping his balance, falling on several occasions. In addition, his words were slurred and difficult to understand; he acted confused; and officers noticed a distinct, strong odor of alcohol on his breath. Masarone failed the alphabet and counting tests. The officer administering the tests opted not to proceed with the remaining field tests because Masarone could not stand up. Officers found an empty bottle of liquor in the pickup truck. At trial, in addition to the testimony of the wóman who called 911 and the officers who arrived at the scene, the State played the jury a Mobile Video Record (“MVR”) that showed the officers removing Masarone from his vehicle, him stumbling around, and the officers having to hold ‘him' up. Hé can also be heard speaking on the MVR, and his words are markedly slurred. ' '
On direct appeal, Masarone’s conviction was affirmed.[1]
The record does not seem to explain why Masarone appeared at his trial in a prison uniform. Masarone claims that his attorney never advised him that he was entitled to wear • regular street clothes. Trial counsel denies that and says that he did inform him that he could wear street clothes. The Superior Court did not resolve that factual dispute, choosing instead to decide the case on the second prong of Strickland v. Washington.[2] The Superior Court found that Masarone failed to establish prejudice. It does not appear from the record that any objection was made to Masarones appearing at trial in a prison uniform-, but an instruction was given to the jury that no inference of-guilt could be drawn from him being incarcerated. In deciding that Masarone failed to establish prejudice, the Superior Court relied, in part, upon the instruction and, in part, upon the fact that if Masarone were in street clothes a jury would nonetheless observe correctional officers dressed in blue uniforms seated near the defense table.
We have previously observed that “ ‘[cjourts have, with few exceptions, determined that an accused should not be compelled to go to trial in prison or jail cloth *763 ing because of the possible impairment of the presumption [of innocence that is] so basic to the adversary system.’ ”[3] On this record, we cannot conclude that Masarone was compelled to go to trial in a prison uniform. In addition, given the nature of the evidence against Masarone, no arguable error on this point or on the lack of an evidentiary hearing could cause Masarone harm or prejudice.
This is not the first time that the record has not contained an explanation for the defendant’s appearance in a prison uniform.[4] When a trial judge becomes aware that a defendant has appeared for jury selection in a prison uniform, the trial judge should make a record of why the defendant is not dressed in street clothes.
For all of the preceding reasons, the judgment of the Superior Court is AFFIRMED.

. Masarone v. State, 2014 WL 1515038, at 3 (Del. April 16, 2014).

. 466 U.S. 668, 691, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

. Andrus v. State, 1998 WL 736338, at *4 (Del. Oct, 1, 1998) (alteration in original) (quoting Estelle v. Williams, 425 U.S. 501, 504, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976)).

. See id.