**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| **STATE OF DELAWARE** | ) | |
| | ) | |
| **v.** | ) | **ID No. 1909013528** |
| | ) | |
| **CHERISE SIMON,** | ) | |
| **Defendant.** | ) | |

Submitted and Decided:  February 14, 2022\*
Written Decision Issued:  March 16, 2022

### ORDER GRANTING DEFENDANT'S MOTION TO HAVE A DEFENSE WITNESS CURRENTLY UNDER PRETRIAL DETENTION TESTIFY IN REGULAR GARB

Having considered Defendant Cherise Simon's application to have Defense Witness Monee Wilson—who is currently under pretrial detention at the Delores J. Baylor Women's Correctional Institution (BWCI)—testify before the jury in regular clothing rather than a Department of Correction uniform (D.I. 38 and 41); the State's response; and the record in this matter; it appears to the Court that:

(1)     Defendant Cherise Simon was indicted for vehicular assault, resisting arrest, and several other offenses stemming from a traffic collision that occurred one night in September 2019 at Second and Broom Streets in the City of Wilmington.[1]

(2)     Finally, after a long delay related mostly to the COVID-19 pandemic

---

\*  The Court granted this motion from the bench on February 14, 2022.  This Order is issued as a complement to set forth more fully the Court's analysis and ruling that was made then.

[1]  *See* Indictment, *State v. Cherise Simon*, ID No. 1909013528 (Del. Super. Ct. Feb. 3, 2020) (D.I. 1).

closures, Ms. Simon's trial was set for jury selection and trial to commence on February 14, 2022.

(3)   At the pretrial conference conducted the week before, Ms. Simon's counsel requested permission to have Monee Wilson, her sole defense witness, testify before the jury in civilian clothing.  Ms. Wilson is currently under pretrial detention at BWCI awaiting disposition of serious felony charges.[2]  So Defense Counsel "ask[ed] that Ms. Wilson be allowed to change into street clothes so that her being held on bail and thus currently presumed innocent of those charges not be held against her as a witness."[3]  Defense Counsel confirmed that if her request were granted she would provide the clothing and make the necessary arrangements with the Department of Correction (DOC) just as she would for one of her own incarcerated client's appearance at trial.

(4)   The State objected to the request on two bases: "witnesses in a trial don't enjoy the same presumption of innocence a defendant does;" and, "also because DOC protocols [the prosecutor didn't] believe allow for it."[4]

(5)   The Delaware Supreme Court has observed that "'[c]ourts have, with

---

[2]   *See* Indictment, *State v. Monee Wilson*, ID No. 2009008635 (Del. Super. Ct. Mar. 8, 2021) (D.I. 2) (charging Ms. Wilson and her co-defendant with a home invasion burglary, first-degree robbery, first-degree kidnapping, and motor vehicle theft).

[3]   D.I. 38.

[4]   *Id.*

few exceptions, determined that *an accused* should not be compelled to go to trial in prison or jail clothing because of the possible impairment of the presumption [of innocence that is] so basic to the adversary system.'"[5] And, in the main, the choice of the accused's donning of identifiable prison clothing or regular garb for a jury trial is left to the strategic and tactical decision-making of that accused with her counsel.[6] Still, when it comes to the confined defendant's clothing choice before a jury, Delaware trial judges have been counseled they "would be well advised to make a specific inquiry into the issue."[7]

(6)    So, the guidance on why and how to address the accused's attire for a jury trial seems well set.[8] But what of her witnesses?

---

[5]    *Andrus v. State*, 1998 WL 736338, at \*4 (Del. Oct. 1, 1998) (quoting *Estelle v. Williams*, 425 U.S. 501, 504 (1976) (alteration in original; emphasis added)); *State v. A.J. Smith*, 2008 WL 4455640, at \*4 (Del. Super. Ct. Oct. 2, 2008) ("A Defendant cannot be forced to stand trial before a jury while dressed in identifiable prison clothes . . ."), *aff'd*, 2009 WL 1659873, at \*2 (Del. Jun. 15, 2009) (However, "[i]n the absence of the element of compulsion, there [i]s no constitutional violation.").

[6]    *Masarone v. State*, 134 A.3d 761, 763 (Del. 2016) (Strine, C.J. concurring) ("It may be that the prisoner wishes to be tried in prison clothes."); *Estelle*, 425 U.S. at 507 ("[I]nstances frequently arise where a defendant prefers to stand trial before his peers in prison garments. The cases show, for example, that it is not an uncommon defense tactic to produce the defendant in jail clothes in the hope of eliciting sympathy from the jury."); *Gaito v. Brierley*, 485 F.2d 86, 88 n.3 (3d Cir. 1973) ("[A] prisoner may want to appear in prison garb as part of a trial strategy designed to evoke jury sympathy.").

[7]    *Masarone*, 134 A.3d at 763 (commending this "[a]s a best practice"; *id.* ("When a trial judge becomes aware that a defendant has appeared for jury selection in a prison uniform, the trial judge should make a record of why the defendant is not dressed in street clothes.").

[8]    *See id.* at 763-64; *see also Gaito*, 485 F.2d at 88 ("[A]ccept[ing, fifty years ago,] the majority view that compelling a defendant to appear before a jury in his prison clothes unconstitutionally infringes his due process right to be presumed innocent until proven guilty.").

(7)    The American Bar Association has long recommended that an incarcerated witness for the defense should not be compelled to testify before a jury wearing prison attire.[9]  But Delaware courts have said very little about that worn by a detained defense witness.[10]  In fact, the Court could locate no Delaware case squarely addressing a pretrial request by an accused to have her confined witness testify before the jury in civilian rather than institutional clothes.[11]

(8)    The State is correct in its observation that it is not the witness's presumption of innocence that is of concern here.  "Defense witnesses are not cloaked in the accused's presumption of innocence."[12]  And true, the criminal defendant's "presumption of innocence is not directly undermined when [her] defense witness appears in . . . prison clothes."[13]  But still, the wearing of "prison

---

[9]    *See*, *e.g.*, ABA STANDARDS FOR CRIMINAL JUSTICE: DISCOVERY AND TRIAL BY JURY—CONDUCT OF THE TRIAL §15-3.2(b) (3d ed. 1996) ("The court should not permit a . . . witness to appear at trial in the distinctive attire of a prisoner, unless waived by the defendant[.]").

[10]    *E.g.*, *A.J. Smith*, 2008 WL 4455640, at *4 (noting cursorily in a postconviction proceeding that both inmate witnesses "acknowledged on the stand that they were prisoners, so Defendant suffered no prejudice from their clothes").

[11]    *State v. M.R. Smith*, 2009 WL 597267, at *15-18 (Del. Super. Ct. Feb. 18, 2009) (discussing—again, when denying postconviction relief—the spectrum of approaches taken on the issue of a defense witness's clothing or restraints worn before a jury), *rev'd on other grounds*, 991 A.2d 1169 (Del. 2010).

[12]    *White v. State*, 771 P.2d 152, 153 (Nev. 1989).

[13]    *People v. Knight*, 167 P.3d 147, 153-54 (Colo. App. 2006).

clothes may undermine th[at] witness's credibility and thus harm the defendant."[14]

Indeed, it might prejudice the defendant "both by undermining his or her witness's credibility and [by] suggesting [the] defendant's guilt by association."[15]

(9) For these reasons, most courts in other jurisdictions have held that an incarcerated witness for the defendant should not be *forced* to testify in jail or prison attire.[16] Just as with the defendant's choice of her own trial garb, there are any number of strategic or tactical reasons for her want to have her witness appear in one form of dress or the other.[17] So, here too, it is only the unnecessary express *compulsion* by the Court that is of concern.[18]

(10) And so, as occurred here, addressing the issue of any witness's attire must begin with a proper and timely request by the defendant.[19] Anything less is a

---

[14] *Id.* at 154.

[15] *State v. Artwell*, 832 A.2d 295, 303 (N.J. 2003).

[16] *See Hightower v. State*, 154 P.3d 639, 641 (Nev. 2007) (observing that "[a]lmost uniformly, courts have recognized that requiring an incarcerated defense witness to appear in prison clothing may prejudice the accused by undermining the witness's credibility in an impermissible manner"); *Knight*, 167 P.3d at 154; *Artwell*, 832 A.2d at 303; *State v. Allah Jamaal W.*, 543 S.E.2d 282, 288-89 (W. Va. 2000); *State v. Yates*, 381 A.2d 536, 537 (Conn. 1977).

[17] *See* n.6, *supra.*

[18] *See Estelle*, 425 U.S. at 512-13 (A criminal defendant's "failure to make an objection to the court as to being tried in such clothes, for whatever reason, is sufficient to negate the presence of compulsion necessary to establish a constitutional violation."); *Poteet v. State*, 2010 WL 3733917, at *2 (Del. Sept. 24, 2010) (The inmate "having offered no objection at trial to being tried in prison garb, the proscribed element of compulsion is lacking.").

[19] *Allah Jamaal W.*, 543 S.E.2d at 287 ("[T]he burden is upon the defendant to timely move that an incarcerated witness be permitted to testify at trial in civilian clothes."); *Knight*, 167 P.3d at

waiver.[20] Once that request is made, the Court must balance the prejudicial effect of denial against any demonstrated case-specific need to maintain order in the proceeding.[21] For instance, the Court should consider whether that particular witness presents a security risk, possesses a threat of escape, is likely to be disruptive, or may otherwise imperil courtroom decorum.[22] And the Court should grant the defendant's request unless it finds a requirement of institutional attire is necessary to prevent a risk or escape, to provide safety, or to maintain order in general.[23] If the Court denies the request, its ruling, reasons, and specific supporting findings should

---

154 (requiring defense counsel to make a timely request); *cf. Artwell*, 832 A.2d at 303 (dispensing with the requirement that the defendant affirmatively request that a witness be permitted to testify in civilian clothing).

[20] *Gaito*, 485 F.2d at 88 n.3 ("A defendant may not remain silent and willingly go to trial in prison garb and thereafter claim error. This would constitute a voluntary waiver of his right which would negate the necessary element of compulsion.") (cleaned up); *People v. Garcia*, 2016 WL 3524306, at *4 (Ill. Ct. App. June 28, 2016) ("[I]f, as occurred here, the defendant makes no such request, he or she forfeits the right to have the witness testify in other attire."); *Hightower*, 154 P.3d at 642 ("The burden is on the defendant to timely request that the incarcerated witness be permitted to testify in civilian clothing, and the failure to make such a request is deemed a waiver of the right.").

[21] *See*, *e.g.*, *Harrell v. Israel*, 672 F.2d 632, 635-36 (7th Cir. 1982) ("[T]his court has required a showing of 'extreme need' to justify the use of physical restraints at trial."); *Kennedy v. Cardwell*, 487 F.2d 101, 105 n.5 (6th Cir. 1973) (requiring a showing of "special circumstances where there is evident danger of escape or harm to individuals in the courtroom" before a court can order that a witness appear for testimony in shackles).

[22] *Artwell*, 832 A.2d at 301-02 (discussing factors and evidence the court considers when determining if a witness should be required to appear for testimony in physical restraints).

[23] *Allah Jamaal W.*, 543 S.E.2d at 287; *Knight*, 167 P.3d at 153-54; *Hightower*, 154 P.3d at 642 ("[A]bsent unusual circumstances, [ ] courts should not compel incarcerated witnesses to appear at trial in the distinctive attire of a prisoner.").

be made on the record.[24]  And if a witness is required to testify in prison garb, the Court should, upon defendant's request, instruct the jury that such attire may not be considered in assessing that witness's credibility or determining the defendant's guilt.[25]

(11)   When a timely request is granted, defense counsel must make the necessary arrangements for the witness's attire using the applicable DOC procedures and protocols.[26]  The Court recognizes this may place some additional administrative burden on the DOC, but that alone cannot be the deciding factor here.[27]  Each day the DOC employs its well-established procedures tailored to ensure a criminal defendant can make his trial appearance donning civilian clothing when required. The Court anticipates those same procedures to be followed for a detained witness.

---

[24]  *Allah Jamaal W.*, 543 S.E.2d at 288; *Knight*, 167 P.3d at 154; *Hightower*, 154 P.3d at 642. *See B.E.T., Inc. v. Bd. of Adjustment of Sussex Cty.*, 499 A.2d 811, 811 (Del. 1985) ("While the judge may state his reasons briefly, he must do so with particularity sufficient to discharge his duty to make a record to show what factors he considered and the reasons for his decision.") (cleaned up).

[25]  *Allah Jamaal W.*, 543 S.E.2d at 288; *Artwell*, 832 A.2d at 303.

[26]  *Knight*, 167 P.3d 154 (If the defendant wants an incarcerated witness to appear in street clothes, defense counsel must make a timely request **and** arrange for the witness's attire.); *Watson v. State*, 2000 WL 975050, at *3 (Del. May 24, 2000) (noting it was defense counsel's obligation to locate civilian clothing for the defendant); *A.J. Smith*, 2008 WL 4455640, at *4 (observing that "[m]aking proper and timely arrangements [for the accused to wear street clothes] was Defendant's responsibility").

[27]  *See Hightower*, 154 P.3d at 642 (acknowledging inconvenience for jail administrators to monitor witness's change of attire but recognizing "that mere convenience of jail administrators is not an 'essential state policy'" that would override the defendant's request); *Artwell*, 832 A.2d at 303 (same).

And the Court expects any other DOC and court security procedures and protocols that adhere when one in DOC custody testifies in a jury trial shall also be followed.

(12) Ms. Simon, through counsel, made a timely request for her defense witness to appear and testify before her jury clad in regular civilian clothing rather than an identifiable institutional uniform. When doing so, her counsel confirmed that were the request granted she would supply that witness's clothing and make the necessary arrangements with the DOC just as she would for one of her own incarcerated client's appearance at trial. The Court has discerned no demonstrated case-specific need that outweighs the potential prejudice to the defendant. And so, Cherise Simon's request to have her defense witness, Monee Wilson, testify before the jury in regular garb is **GRANTED**. Ms. Simon's counsel shall supply the clothing for her witness and shall follow all regular Department of Correction procedures applied when a person in the Department's custody is to appear in court in street clothes rather than a DOC-issued uniform. All other DOC and court security procedures and protocols that usually abide when one in DOC custody testifies in a jury trial shall be followed.

**IT IS SO ORDERED.**

_____
**Paul R. Wallace, Judge**

Original to Prothonotary

cc: Meryem Y. Dede, Esquire
Anthony J. Hill, Deputy Attorney General
Gregory E. Smith, Deputy Attorney General