THE STATE OF OHIO, APPELLEE, *v.* NAPLES, APPELLANT.

(No. 3499—Decided April 3, 1952.)

*Mr. W. A. Ambrose,* prosecuting attorney, and *Mr. Jack Nybell,* for appellee.
*Mr. Russell G. Mock,* for appellant.

*Per Curiam.* This is an appeal on questions of law from a judgment of the Common Pleas Court of Mahoning County, in an action wherein the defendant, William Naples, under an indictment for assault with

intent to kill was tried and found guilty of assault and battery.

The defendant complains: First, that on the second day of the trial a codefendant dressed in jail garb was brought into court by the state, accompanied by a deputy sheriff in uniform; that there was an article in the Youngstown Vindicator the night before covering the trial of this codefendant, who had been found guilty, sentenced, and was now serving time in jail; and that this prevented the defendant from having a fair and impartial trial, it being the claim of counsel for appellant that the court erred at that time in over-ruling his motion to declare a mistrial of the case. Second, that counsel for the state during his opening statement was guilty of misconduct in referring to the prosecuting witness when he said, "for two or three days they did not know whether he was going to live or not"; and that in his argument to the jury he indulged in inflamatory remarks arousing the passions of the jurors. Third, that the general charge of the court was prejudicially erroneous. Fourth, that the court permitted incompetent evidence to go to the jury, and that the judgment was against the manifest weight of the evidence.

The calling of the codefendant as a witness by the state, dressed in his jail attire and accompanied by a uniformed deputy sheriff, standing alone, does not constitute error warranting a reversal.

The fact that an article appeared in the evening papers the night before might have a tendency to prejudice the minds of the jurors if seen and read by them. The court, however, may not presume that the jurors saw the newspaper article, read it, or were prejudiced thereby.

"Where, during the trial of a criminal case, articles appear in the local newspapers which have a tendency

to prejudice the minds of the jurors if seen and read by them, the court may not presume that the jurors saw the newspaper articles, read them and were prejudiced thereby.'' *State* v. *Fouts*, 79 Ohio App., 255, 72 N. E. (2d), 286.

We find no prejudicial error in the overruling of defendant's motion to declare a mistrial.

In relation to the claim of misconduct upon the part of counsel for the state in his opening statement to the jury and in his closing argument wherein it is claimed that he unduly emphasized the extent of the injuries inflicted upon the prosecuting witness and attempted to influence the jury improperly by referring to a sawed-off billiard cue and forcibly demonstrating the use of such billiard cue upon the person of the prosecuting witness, there was no evidence upon the trial that such billiard cue was used upon the occasion of the assault, although it was found a week later in the same place in the defendant's place of business where the blackjack was found which had been used in the assault.

The remarks of counsel made in his opening statement and in the closing argument were merely his interpretation of the facts as he understood them, and were not such as to warrant a reversal as being inflamatory and prejudicial. Had the jurors been inflamed by such argument the verdict undoubtedly would have been guilty as charged in the indictment, rather than guilty of assault and battery, which the defendant admitted he inflicted, his defense being self-defense. The jury did not believe that he established self-defense as evidenced by the verdict.

In relation to the claim of error in the charge of the court to the jury, it is disclosed that the trial court first correctly defined the elements of the crime of assault and battery by reading the statute to them as follows:

" 'Assault and Battery' * * *. 'Whoever unlawfully strikes or wounds another shall be guilty of assault and battery.' "

Thereafter the court charged the jury:

"Before you can find the defendant guilty of this crime of assault and battery, you must first find beyond a reasonable doubt the existence of the following necessary elements of the crime of assault and battery: That the defendant intentionally struck the prosecuting witness or intentionally and forcibly laid hands on his person without his consent.

"I shall now point out to you the difference between the crimes. The first crime includes an intent to kill; the second does not. If, under the evidence and my instructions, you find beyond a reasonable doubt that the defendant so committed an assault and battery upon the person of the prosecuting witness, then it is your duty to return a verdict of guilty as to such crime. On the other hand, if, under the evidence and my instructions, you do not find beyond a reasonable doubt that the defendant so committed an assault and battery upon the person of the prosecuting witness, then it is your duty to return a verdict of not guilty as to that crime."

It is observed that the court used the word, "intentionally," in defining the elements of the crime of assault and battery instead of the word, "unlawfully." In considering the effect of the definition submitted to the jury, it must be kept in mind that the defendant admitted assaulting the prosecuting witness with a blackjack and forcibly inflicting some injuries upon him, having justified the same solely upon the ground that he acted in self-defense.

The court had correctly charged the jury upon the issue of self-defense interposed by the defendant, and the jury in finding the defendant guilty of assault and

battery necessarily found that defendant had not acted in self-defense. If he did not act in self-defense there was nothing the jury could do but find him guilty of assault and battery because he had admitted assault and battery. It follows that there was no prejudice to the defendant in the matter complained of.

This court has considered all the assigned errors. We believe that the charge of the court in its entirety covered the issues joined, and that there is no prejudicial error upon the record that would warrant a reversal, and further, we find that the verdict of the jury is not against the manifest weight of the evidence.

Under Section 13449-5, General Code, a reviewing court is not permitted to reverse a judgment of conviction "unless it shall affirmatively appear from the record that the accused was prejudiced thereby or was prevented from having a fair trial."

Finding no errors prejudicial to the defendant, the judgment of the Common Pleas Court is affirmed.

*Judgment affirmed.*

NICHOLS, P. J., GRIFFITH and PHILLIPS, JJ., concur.