THE STATE OF OHIO, APPELLEE, *v.* HAINES, APPELLANT.*

(No. 2566—Decided March 3, 1960.)

*Mr. Mathias H. Heck*, prosecuting attorney, for appellee.
*Mr. Melvyn A. Scott*, for appellant.

KERNS, J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Montgomery County

*Motion for leave to appeal overruled, June 15, 1960. Appeal dismissed, 171 Ohio St., 198.

rendered on a jury verdict of guilty to a charge of pocket picking. (Section 2907.29, Revised Code.)

It appears from the evidence that Marguerite Miller and Ethel Newman were facing a counter at McCrory's Store in downtown Dayton on May 21, 1959, when a third woman came behind and between them; that Mrs. Newman saw the woman take a billfold from the pocket of Mrs. Miller, at which time she said, "Marguerite, she is taking your billfold"; and that the third woman, who was identified as the defendant, then returned the billfold to Mrs. Miller.

The first assignment of error is based upon the admission of certain testimony concerning the investigation of a similar offense which occurred in September 1958, or approximately eight months before the offense charged in this case. In this regard, Sergeant Williams of the Dayton Police Department was permitted to testify as follows:

"Q. What matter were you investigating at that time?

"* * *

"A. I was investigating a pocket picking complaint which had occurred at McCrory's Five and Ten at that time in 1958.

"Q. And you talked to Corrine Haines relative to that? A. Yes, I did.

"Q. Will you tell the members of the jury the conversation? A. I don't recall the exact conversation but during the conversation, Mrs. Haines admitted she was responsible for stealing the billfold and she also admitted she was responsible for stealing other billfolds."

At this point, the court intervened with the following explanation:

"The Court: I think to clarify this for the jury, the testimony may be introduced tending to show that the defendant participated in other similar acts or offenses. The law provides that where intent or the absence of mistake or accident of the defendant is material, any like acts of the defendant which may tend to show her intent or the absence of mistake or accident on her part in the doing of the act in question in this case may be introduced in evidence however the jury is instructed that such evidence may be considered only so far as it may relate to the existence of intent or the absence of mistake or accident. Such

testimony must not be considered for any other purpose. Now you may proceed.

"Q. Have you finished? I believe you have, Sergeant? A. Yes."

Ordinarily, evidence that the accused has committed similar acts or crimes is not admissible to show the commission of the crime charged. This general rule, however, is subject to numerous exceptions. 15 Ohio Jurisprudence (2d), 520 *et seq.*, Section 351 *et seq.*; 20 American Jurisprudence, 289, Section 310. See, also, *Whiteman* v. *State*, 119 Ohio St., 285, 164 N. E., 51, 63 A. L. R., 595, decided in 1928, which refers to many Ohio cases where exceptions to the general rule have been applied. The introduction of evidence of like acts has been expressly authorized by statute in Ohio since 1929. Section 2945.59, Revised Code, reads as follows:

"In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant."

Under the facts of this case, the testimony concerning similar acts falls within the scope of the statute. The officer testified from his own personal knowledge of a prior investigation. No reference is made to a prior conviction or to the disposition of any prior offense. And the court carefully limited the purpose of the testimony both during the course of the trial and in the general charge. In our opinion, therefore, the first assignment of error is not well made.

The second assignment of error is directed to a newspaper article published in the Dayton Daily News, which stated that the prosecution said, "Mrs. Haines was placed on probation in September 1958 when she pleaded guilty to a similar pocket picking charge." The article appeared in the afternoon edition of October 28, 1959. On that day, court convened after lunch at

1:30 p. m., and the verdict was returned later the same afternoon. There is nothing in the record to indicate that any of the jurors read the newspaper article. Under such circumstances, this court held as follows in the case of *State* v. *Fouts*, 79 Ohio App., 255, 72 N. E. (2d), 286:

"5. Where, during the trial of a criminal case, articles appear in the local newspapers which have a tendency to prejudice the minds of jurors if seen and read by them, the court may not presume that the jurors saw the newspaper articles, read them and were prejudiced thereby."

See, *State* v. *Naples*, 94 Ohio App., 33, 114 N. E. (2d), 302, and 4 Ohio Jurisprudence (2d), 173, Section 934.

The alleged prejudicial error must appear affirmatively from the record to justify a reversal of the judgment of conviction. (Section 2945.83, Revised Code.) The second assignment of error must, therefore, be overruled.

For her third assignment of error, the defendant, appellant herein, contends that the trial court erred in its general charge to the jury by making repeated references to the defendant's "prior offenses." That part of the charge, upon which the assigned error is based, reads as follows:

"You will recall that the court has permitted the introduction of certain testimony tending to show the commission of an offense or offenses by the defendant other than that for which she is on trial. Ordinarily the state is not permitted in a criminal case to introduce evidence tending to show a commission of another separate crime by the defendant. However the law provides that in a criminal case, in which the defendant's motive or intent or the absence of mistake or accident on his or her part or the defendant's scheme, plan or system in doing an act becomes material then any acts of the defendant which tend to show his or her motive or intent or the absence of mistake or accident on her part or the defendant's scheme, plan or system in doing the act in question may be proved whether they are contemporaneous with or prior to or even subsequent notwithstanding that such proof may tend to show the commission of another crime. However the evidence must not be considered by you as substantive proof of the defendant's guilt of the crime for which she is on trial. If you find that the testimony regarding such other crime, offense or offenses, does tend to show motive of in-

tent or the absence of mistake or accident on the part of the defendant or her scheme, plan or system in doing the act in question, then you may consider the testimony regarding other claimed offenses for such purpose but you must not consider it for any other purpose.''

This language clearly explains the restricted purpose for which the testimony was introduced and is based upon evidence of ''prior offenses.'' In this case, the use of the term ''offense'' rather than the term ''acts'' could create no impression in the minds of the jurors which was not already known to them from the evidence. The case relied upon by the defendant to sustain her position is that of *State* v. *Hirsch*, 101 Ohio App., 425, 131 N. E. (2d), 419. That case, however, is distinguishable on its facts from the case at hand. We recognize the danger of referring to similar offenses when, as a matter of fact, there is no evidence of any prior offenses under the law. And especially would this be so, as in the *Hirsch case*, where the evidence of claimed similar acts was held inadmissible as having no bearing upon any issue raised in the case. In this case, the testimony admitted under the authority of Section 2945.59, Revised Code, was rendered material both by the nature of the crime of pocket picking and by the factual pattern under which the alleged crime arose. After again reviewing the testimony and the trial court's charge on that phase of the case, we fail to see how the rights of the defendant could have been prejudiced by the charge as given. Accordingly, the third assignment of error must be overruled.

The fourth assignment of error, which is directed to the trial court's overruling of the defendant's motion for a new trial, raises the same questions heretofore considered on appeal and must also be overruled.

The evidence presented herein by the state was unquestionably sufficient to justify the verdict of the jury. The defense offered no evidence contra thereto.

In our opinion, the defendant was afforded a fair trial, and the judgment will, therefore, be affirmed.

*Judgment affirmed.*

WISEMAN, P. J., and CRAWFORD, J., concur.