386 So.2d 597 (1980)
Doyall TOMPKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 79-343.
District Court of Appeal of Florida, Fifth District.
August 6, 1980.
*598 James B. Gibson, Public Defender, and Terrence M. White, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
After trial by jury, appellant was convicted of sexual battery with threat to use force or violence likely to cause serious personal injury and was sentenced to thirty years consecutive to any sentence presently being served. Appellant appeals from the judgment and sentence, and from the trial court's granting the state's motion for the court to retain jurisdiction for the first one-third of the current sentence.
While an inmate at Sumter Correctional Institution (SCI), appellant committed a sexual battery upon another inmate. Appellant raises four points on appeal based on the following occurrences. Prior to trial, the trial judge granted defendant's motion in limine requesting that defendant, all inmates, and all correctional officers wear civilian clothing, but denied defendant's motion that the state not be allowed to place defendant's character in issue, either directly or indirectly by virtue of the defendant's being in prison or convicted of any other crime. During the course of voir dire, the trial court made several references to the defendant's being an inmate at SCI due to being a convicted felon. The trial court's references to defendant's inmate status reflected a concern that the defendant be afforded a fair trial and were similar in substance to the following:
As an inmate, he is by virtue of his being in the institute, he is a convicted felon, now, there [are] two concepts of law that you must accept to be able to properly serve as a juror in this, or any other criminal case. One is that all defendants are clothed with the presumption of innocence. Now, can you give this defendant the same presumption of innocence that *599 he would be entitled to under any other circumstances? Do you understand the question, in other words, a defendant in all cases must be proved guilty beyond and to the exclusion of every reasonable doubt. The fact that he is an inmate of Sumter Correctional Institute and has been charged with this criminal offense, would this make any difference to you, or would you give him the same presumption of innocence that you would give to anyone who  anyone else?
During the course of trial, defendant made a number of motions for mistrial based upon prosecution witnesses testifying in prisoner clothing, which were denied. The state argued at trial that the Department of Corrections did not have adequate time to secure civilian attire for the state's witnesses in the three days between the motion in limine and trial. However, defendant did appear in civilian clothing. Finally, after defendant objected to an SCI investigator introducing a diagram of the kitchen area where the crime occurred, on the grounds that the diagram was not drawn to scale and should not have been introduced since it would be misleading, the state made a motion that the jury be allowed to view the area where the crime occurred. The court granted the state's request for a jury view over defense counsel's objection.
First, we find appellant's contention that his right to a fair trial was prejudiced by the trial court's permitting state's witnesses to appear in prison attire is without merit. If there was any prejudice, it was against the state, since the fact of the state's witnesses' inmate status would affect the credibility of their testimony against the defendant.
Next, the appellant argues the trial court erred in conducting his inquiry on voir dire and alleges prejudice from the trial court and prosecution references to the fact that defendant was an inmate and convicted felon. The state argues that the trial judge's inquiry was necessary to insure the defendant an impartial jury and a fair trial. Although as a general rule evidence of a conviction for another crime committed by a defendant is inadmissible, there are a number of exceptions, one of which is that such evidence is admissible "where it is impossible to give a complete or intelligent account of the crime charged without referring to the other crime." Wilson v. State, 134 Fla. 199, 183 So. 748, 751 (1938). There is no Florida authority directly on point, while other states which have addressed similar issues have reached opposite results. See Annot., 43 A.L.R.3d 1081 (1972). We note, however, that the fact and place of perpetration are ingredients of a crime and are germane to proof required for conviction. In the present case, the nature of the prior conviction was not revealed. We hold that no reversible error was committed by the trial court, since references to this defendant's conviction and inmate status were inevitable due to the fact that the crime was committed in a prison, and since the nature of the trial judge's inquiry was to insure that the jurors would not hold his inmate status against the defendant. The references to defendant's inmate status are analogous to cases where a defendant appeared in prison garb. Even the rule that an accused cannot be forced to stand trial in prison garb over objection is not a per se rule. In United States ex rel. Stahl v. Henderson, 472 F.2d 556 (5th Cir.), cert. denied, 411 U.S. 971, 93 S.Ct. 2166, 36 L.Ed.2d 694 (1973), the court declined to overturn a conviction where the defendant was tried in jail clothes when he had been charged with having murdered another inmate while in prison. The circuit court noted that the jury would necessarily know that he was an inmate and stated, "No prejudice can result from seeing that which is already known." 427 F.2d at 557. United States ex rel. Stahl v. Henderson was cited with approval in Estelle v. Williams, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976).
Next, we find no abuse of the trial court's discretion in granting a view of the scene. Cf. Rankin v. State, 143 So.2d 193 (Fla. 1962).
*600 Finally, concerning the trial court's retention of jurisdiction over the first one-third of defendant's sentence, the controlling statute, section 947.16(3), Florida Statutes (1979), reads:
Persons who have become eligible for parole and who may, according to the objective parole guidelines of the commission, be granted parole shall be placed on parole in accordance with the provisions of this law; except that, in any case of a person convicted of . .. sexual battery ... at the time of sentencing the judge may enter an order retaining jurisdiction over the offender for review of a commission release order. This jurisdiction of the trial court judge is limited to the first third of the maximum imposed.
.....
(a) In retaining jurisdiction for the purposes of this act, the trial court judge shall state the justification with individual particularity, and said justification shall be made a part of the court record. (emphasis added).
Appellant argues that the trial court's retention of jurisdiction should be stricken for failure to meet the requirements of the foregoing statute. We hold that remand to the trial court to make the record findings required by statute is the appropriate remedy, as is done in habitual offender cases where the trial court fails to make required findings. See Chukes v. State, 334 So.2d 289 (Fla. 4th DCA 1976); but see McClain v. State, 356 So.2d 1256 (Fla.2d DCA 1978).
Accordingly, the judgment and sentence are affirmed, but the order of retention of jurisdiction over the first third of the sentence is vacated and the cause remanded with directions that if upon further hearing the trial court determines that appellant is to be sentenced in accordance with section 947.16(3)(a), then the trial court shall make findings of fact as required by the statute. In addition, the phrase "at hard labor" is hereby stricken from the sentence as surplusage. Manning v. State, 384 So.2d 46 (Fla.5th DCA May 28, 1980); Edwards v. State, 373 So.2d 388 (Fla.4th DCA 1979).
Judgment and sentence AFFIRMED; Order of Retention VACATED; and case REMANDED with directions.
DAUKSCH, C.J., and FRANK D. UPCHURCH, Jr., J., concur.