The **PEOPLE** of the State of Colorado,
Plaintiff–Appellee,

v.

**Christopher James WALTERS,**
**Defendant–Appellant.**

No. 88CA0844.

Colorado Court of Appeals,
Div. II.

Feb. 1, 1990.

Rehearing Denied March 29, 1990.

Certiorari Denied Sept. 10, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and John Milton Hutchins, First Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, and Jeffrey K. Holmes, Sp. Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge MARQUEZ.

Defendant, Christopher James Walters, appeals from a judgment of conviction and the sentence imposed for first-degree assault with provocation, a class five felony, and crime of violence, as well as from an order determining the amount of restitution. We affirm the conviction and sentence but vacate the restitution order and remand for a re-determination of the restitution.

On an evening in January 1987, defendant and another were passengers in an automobile driven by a third party. They encountered another vehicle, and a dispute arose between the various occupants of the two vehicles. The dispute escalated until ultimately, defendant, according to his testimony, got out of the car holding a gun, and put his arm across the top of the car. Defendant pulled the hammer back, and the gun subsequently discharged, causing serious bodily injury to the other vehicle's driver.

Defendant now seeks review of his conviction for first-degree assault with provocation and crime of violence.

## I.

■ At trial, the People called to testify one Adam Cooper, a friend of the defendant who saw him on the night in question after the shooting had occurred. Over defense counsel's objection, Cooper was brought before the jury in jail clothing. We reject defendant's claim that this was reversible error.

In *People v. Romero*, 694 P.2d 1256 (Colo.1985), our supreme court, relying on *Estelle v. Williams*, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976), *reh'g denied*, 426 U.S. 954, 96 S.Ct. 3182, 49 L.Ed.2d 1194 (1976), noted that if an objection is properly made, the "state cannot compel *an accused* to stand trial while dressed in identifiable prison clothes...." (emphasis added) Here, however, the issue is whether it is reversible error for *a witness* to testify in prison garb, when the defendant timely objects. We conclude that, under the circumstances of this case, there was no prejudicial error.

■ Although some states hold to the contrary, *see State v. Yates*, 174 Conn. 16, 381 A.2d 536 (1977), several courts which have addressed this issue have found that permitting a prosecution witness to appear in prison attire does not constitute prejudicial error. *See Tompkins v. State*, 386 So.2d 597 (Fla.App.1980), *petition denied*, 392 So.2d 1380 (Fla.1980); *People v. Sledge*, 92 Ill.App.3d 1051, 48 Ill.Dec. 381, 416 N.E.2d 412 (1981); *State v. Naples*, 94 Ohio App. 33, 51 Ohio Ops. 263, 114 N.E.2d 302, *appeal dismissed*, 158 Ohio St. 231, 48 Ohio Ops. 453, 108 N.E.2d 280 (1952). We find these cases instructive and conclude that to merit reversal, defendant must demonstrate that the appearance of a witness in jail clothing sufficiently prejudiced him so that he was deprived of his right to a fair trial.

Here, defendant admits pointing the gun and pulling back the hammer. He further admits that the gun discharged while he was holding it and that the bullet struck the victim causing serious bodily injury. Besides the victim, other witnesses who were present at the scene of the shooting testified to the incident. On the other hand, the witness Cooper was the only witness dressed in jail clothing, and his testimony was relatively brief.

We conclude that, here, defendant has not demonstrated that his right to a fair trial was prejudiced.

## II.

■ Defendant maintains that the sentencing scheme, as applied to him, constituted a violation of equal protection. We find no reversible error in the sentence imposed.

The trial court, in imposing a sentence beyond the presumptive range, relied at least in part upon the fact that defendant was on bond at the time he committed the

act in question. Defendant acknowledges that he was on bond and that he would be subject to sentencing in the aggravated range under § 18–1–105(9)(a)(IV), C.R.S. (1986 Repl.Vol. 8B). Hence, the court committed no reversible error in imposing a sentence beyond the presumptive range.

### III.

 Lastly, defendant claims error in the trial court's assessment of restitution and other costs without conducting a hearing. We agree and vacate the trial court's order.

 The trial court issued an amended mittimus determining that defendant pay $77,278.21 in restitution and $476.78 in district attorney costs. Both were imposed without a hearing. While we agree with the defendant that the trial court lacks the power to order restitution as a condition of parole, *see People v. Powell,* 748 P.2d 1355 (Colo.App.1987), it appears from the record that only the amount of restitution was determined by the trial court, and that, upon defendant's parole, it would be the Parole Board that would actually order the restitution.

However, at the sentencing hearing, a defendant must be given the opportunity to controvert the victim's claimed monetary damages. *People v. Johnson,* 780 P.2d 504 (Colo.1989). Nothing in the record indicates that the defendant was given such an opportunity before the amount of restitution was determined, and therefore, the trial court's order regarding that amount cannot stand, and the matter must be remanded for determination in accordance with the principles set forth in *People v. Johnson, supra.*

The judgment of conviction and the sentence are affirmed, but the restitution order is vacated, and the cause is remanded for further proceedings.

SMITH and NEY, JJ., concur.