JOANOS, J.
In this appeal, appellant challenges the order revoking his probation, and the sentence imposed thereon. The revocation order indicates that appellant was found guilty of violating conditions three and five of his probation, without indicating the particular charges set forth in the affidavit of violation of probation which appellant was determined to have committed. As to the alleged violations of condition three, only hearsay evidence was introduced to support the allegations. Although hearsay is permitted in probation revocation proceedings, probation cannot be revoked solely on the basis of hearsay. See Green v. State, 620 So.2d 1126, 1129 (Fla. 1st DCA 1993); Davis v. State, 510 So.2d 1247 (Fla. 1st DCA 1987); Gomez v. State, 724 So.2d 1205, 1206 (Fla. 2d DCA 1998). As to the alleged violations of condition five, we are unable to determine whether the trial court determined that appellant committed all thirteen of the alleged violations. If that were the case, reversal would be mandated because evidence was not introduced to support violation of all the allegations set forth in the affidavit.
Therefore, we reverse the order revoking appellant’s probation and the sentence imposed thereon, and remand this cause for entry of a new order which enumerates the particular violations of condition five upon which the trial court based the revocation of probation. Since our decision in this regard will require a new sentencing proceeding, we do not address the other issues raised in the appeal.
Accordingly, the order of revocation of probation and the sentencing disposition are reversed and remanded for further proceedings consistent with this opinion.
WEBSTER and PADOVANO, JJ., CONCUR.