766 So.2d 1136 (2000)
Tylo MULLINS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-4394.
District Court of Appeal of Florida, Second District.
August 23, 2000.
Brian J. Donerly, Special Assistant Public Defender, Bartow (withdrew after briefing); James Marion Moorman, Public Defender, Bartow (substituted as counsel of record), for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and John M. Klawikofsky, Assistant Attorney General, Tampa, for Appellee.
BLUE, Acting Chief Judge.
Tylo Mullins appeals his convictions for first-degree murder, attempted second-degree murder with a firearm, attempted robbery with a firearm, and aggravated assault. We find no reversible error and affirm. We write to point out that error occurred when the trial court forced a defense witness to testify in jail clothing, although in this case the error was harmless.
In refusing to allow the witness to change clothes, the trial court noted that the State had not provided civilian clothing for one of its jailed witnesses. No other reasons were given for the trial court's decision. The trial court also questioned the Constitutional grounds for a criminal *1137 defendant's right to appear for trial in civilian clothing. A criminal defendant cannot be compelled to stand trial in prison clothing, see Torres-Arboledo v. State, 524 So.2d 403, 409 (Fla.1988), because it could impair the defendant's presumption of innocence, which is a basic component of the fundamental right to a fair trial, see Estelle v. Williams, 425 U.S. 501, 503, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976). In addition, equal protection concerns are triggered because "compelling the accused to stand trial in jail garb operates usually against only those who cannot post bail prior to trial." 425 U.S. at 505, 96 S.Ct. 1691.
Although witnesses are not clothed with the presumption of innocence, we conclude that it was error here not to permit the defense witness to change clothes. Cf. Tompkins v. State, 386 So.2d 597, 599 (Fla. 5th DCA 1980) (rejecting defendant's claim of error based on State witnesses testifying in prisoner clothing because "[i]f there was any prejudice, it was against the state, since the fact of the state's witnesses' inmate status would affect the credibility of their testimony against the defendant"). See generally Michelle Migdal Gee, Annotation, Propriety and Prejudicial Effect of Witness Testifying While in Prison Attire, 16 A.L.R.4th 1356 (1982). Although the trial court erred in denying the defense request to dress his witness in civilian clothing, we conclude from our review of the record that the error was harmless beyond a reasonable doubt. Accordingly, we affirm.
Affirmed.
CASANUEVA and SALCINES, JJ., Concur.