PER CURIAM.
This is an appeal from an order revoking the probation of appellant, Tina Winbush. The trial court determined that appellant had violated a special condition of her probation by willfully failing to successfully complete or remain in a drug/alcohol residential treatment program until the provider determined that residential treatment was no longer necessary. We affirm in part, reverse in part, and remand the case for further consistent proceedings.
Appellant first complains that the trial court erred in revoking her probation because the evidence the state presented was based solely on hearsay. We do not agree. Although the rule is clear that a probation-violation order cannot be supported solely by hearsay, see Garey v. State, 747 So.2d 478 (Fla. 1st DCA 2000), the rule is equally clear that such an order may be appropriately grounded on a combination of both hearsay and non-hearsay evidence. See Lacey v. State, 831 So.2d 1267, 1269 (Fla. 4th DCA 2002). In the *770 instant case, while the director of the residential treatment center testified from records maintained by the facility, her testimony in such regard constitutes hearsay because she acknowledged she was not the records custodian. The court’s admission of such testimony does not, however, require reversal of the order in that it was otherwise supported by competent, non-hearsay testimony from appellant’s probation officer who stated that on October 18, 2004, she again specifically instructed appellant with regard to the rules of the program and that failure to comply with the rules could result in a violation of her probation.
We agree, however, that the trial court erred in not allowing the defense to proffer evidence regarding appellant’s competence in understanding the instructions given her that were necessary for her compliance with the special condition of probation. The rule is clear that a trial court errs in denying a request to proffer testimony that is reasonably related to the issues at trial. Wood v. State, 654 So.2d 218, 220 (Fla. 1st DCA 1995). Such refusal, moreover, is deemed reversible error unless the state can show the error was harmless beyond a reasonable doubt. See Pender v. State, 432 So.2d 800 (Fla. 1st DCA 1983).
In the case at bar, the state concedes the trial court “probably” should have allowed the proffer of the testimony of defense witness Gary Watson, a person who had long known appellant, but argues the error was harmless. We cannot agree. In response to defense counsel’s argument that Watson would testify about appellant’s mental capacity to understand and to conform her conduct to the rules of the treatment program, which was relevant to the willfulness of the charged violation, the trial court replied that appellant’s competency had been established by a psychological evaluation performed by a court-appointed expert witness, and, because the proffered testimony was from a lay witness, rather than an expert, the proffer would not be allowed. In this regard, the court abused its discretion.
 “It is a well established principle of law in this state that an otherwise qualified witness who is not a medical expert can testify about a person’s mental condition, provided the testimony is based on personal knowledge or observation.” Rivers v. State, 458 So.2d 762, 765 (Fla.1984). Moreover, “witnesses who have known and observed a defendant over an extended period of time may also be competent to testify as to their nonexpert opinion on the defendant’s sanity.” Garron v. State, 528 So.2d 353, 357, n. 3 (Fla.1988). Appellant argues that Mr. Watson would have been prepared to testify that appellant could not read, is mentally slow, and had been placed in special education classes.
In our judgment, the trial court’s exclusion of evidence relevant to appellant’s mental capacity cannot be deemed harmless error. The purpose of such evidence related to the defense that appellant did not willfully violate the special condition of her probation requiring her successful completion of a residential program, because she lacked the mental capacity to comprehend and process the instructions given her. In that the trial court’s exclusion of the proffered testimony was, under the circumstances, harmful, the order of revocation of probation is REVERSED, and the case is REMANDED with directions that a new probation hearing be conducted at which the proffered testimony shall be permitted.
KAHN, C.J., ERVIN and VAN NORTWICK, JJ., concur.