PER CURIAM.
Jennifer Mosley, Appellant, appeals her conviction for grand theft and raises two issues on appeal, only one of which merits discussion. Appellant argues that the trial court reversibly erred by prohibiting Appellant’s counsel from proffering the victim’s testimony regarding his alleged drug use on cross-examination after he may have minimized his conviction. We agree that the failure to permit the proffer was reversible error, and we reverse Appellant’s conviction and remand for further proceedings.
This case involves the alleged use of the victim’s debit card without his consent. During trial, the victim claimed that he noticed that his card was missing when he tried to make a purchase, and that he never met Appellant. However, Appellant claimed that she met the victim when he bought crack cocaine from her and then offered her $40 if she agreed to party with him. Further, Appellant testified that she accepted his offer, and then they went to Ed Davis’s house, Appellant’s friend. At the house, Appellant and the victim got high, and the victim gave her his debit card several times during that day, instructing her to withdraw money and buy more drugs for him. Appellant also asserted that the victim gave her permission to use his debit card and buy what she wanted because he wanted to impress her.
During direct examination, the victim admitted that he was convicted of a felony that he thought occurred in 1993. During cross-examination, the following exchange occurred:
Q You didn’t hang out and get high with Ed Davis?
A I don’t know who Ed Davis is either. I don’t, I don’t get high. The, the felony from 1993 wasn’t about getting high either.
Q That case didn’t also involve a drug charge?
[The State]: Your Honor, can we approach briefly?
THE COURT: No. I will, I will sustain your objection. The jury will disregard counsel’s question.
[Defense Counsel]: Judge.
THE COURT: No, you can’t go there. Move on.
[Defense Counsel]: May we approach? I’d like to make a record. THE COURT: You cannot go there. Move on.
[Defense Counsel]: Yes, sir. I’d just like to note my objection for the record.
Appellant was convicted of grand theft and was sentenced to one year in prison, followed by four years’ probation. This appeal follows.
This Court reviews a trial court’s evidentiary rulings for an abuse of discretion, although “[a] judge’s discretion is limited by the rules of evidence ... and by the principles of stare decisis.” Johnson v. State, 969 So.2d 938, 949 (Fla.2007) (citation omitted). A trial court does not abuse its discretion unless no reasonable person would take the view adopted by the trial court. Scott v. State, 717 So.2d 908, 911 (Fla.1998).
Section 90.610(1), Florida Statutes (2011), provides as follows:
*930 A party may attack the credibility of any witness, including an accused, by evidence that the witness has been convicted of a crime if the crime was punishable by death or imprisonment in excess of 1 year under the law under which the witness was convicted, or if the crime involved dishonesty or a false statement regardless of the punishment....
If a witness testifies falsely as to the number of impeachable convictions he has, then the opposing party may introduce certified copies of prior convictions into evidence. Pryor v. State, 855 So.2d 134, 136 (Fla. 1st DCA 2003). Although the opposing party may introduce certified copies of the convictions, the party is generally not allowed to question the witness about his specific convictions. Stallworth v. State, 53 So.3d 1163, 1166 (Fla. 1st DCA 2011); see also Mosley v. State, 739 So.2d 672, 676 (Fla. 4th DCA 1999) (explaining that the opposing party may produce the certified copies, but that it must stop its inquiry at that point). However, “[a]n exception to the general rule occurs when a defendant opens the door to a broader inquiry.” Mosley, 739 So.2d at 676. This exception applies to any testifying witness. Id. at n. 3. A witness opens the door when “a witness attempts to mislead or delude the jury about his prior convictions, [and] the witness is subject to further questioning concerning his convictions ‘in order to negate any false impression given.’ ” See Prjor, 855 So.2d at 136 (quoting Fotopoulos v. State, 608 So.2d 784, 791 (Fla.1992)).
As to allowing proffers, “[t]he rule is clear that a trial court errs in denying a request to proffer testimony that is reasonably related to the issues at trial.” Winbush v. State, 937 So.2d 768, 771 (Fla. 1st DCA 2006). Denying the request to proffer is error because the refusal “precludes full and effective appellate review.” Fehringer v. State, 976 So.2d 1218, 1220 (Fla. 4th DCA 2008). Disallowing a proffer “ ‘thwarts a defendant’s right to cross examine witnesses guaranteed by the sixth amendment and article I, section 16 of the Florida Constitution.’ ” Id. (quoting Rozier v. State, 636 So.2d 1386, 1388 (Fla. 4th DCA 1994)). Unless the State can show that the error was harmless beyond a reasonable doubt, the error is deemed reversible. Winbush, 937 So.2d at 771.
Here, Appellant’s counsel questioned the victim on cross-examination whether he got high with Davis on the day at issue. Instead of merely answering the question, the victim volunteered information that his felony conviction from 1993 did not involve getting high. It stands to reason that the victim was attempting to minimize his conviction. When Appellant’s counsel attempted to make a proffer, the trial court refused to allow him to do so. Without a proffer, the State cannot prove that the error was harmless, and this Court cannot discern whether the victim opened the door to further inquiry on the matter of his conviction. Based on the facts here, the victim’s drug use was an important issue at trial, where Appellant alleged that the victim gave her his card to buy drugs and party with him, whereas the victim denied any involvement whatsoever with drugs. In essence, the victim’s drug use was a significant part of Appellant’s defense theory, and the victim was the key witness for the State. Because the State cannot prove that the error was harmless, we reverse Appellant’s conviction and sentence for grand theft and remand for further proceedings.
REVERSED and REMANDED.
LEWIS, CLARK, and MARSTILLER, JJ., concur.