PER CURIAM.
Kenneth Johnson (“Johnson”) was charged with two counts of lewd and lascivious battery of a person between the ages of 12 and 16. Prior to jury selection, the trial court noticed that Johnson was in jail clothes and asked if he had clothes to change into. Johnson said no, explaining that his attorney never discussed the matter with him.
Later, defense counsel specifically objected to Johnson being in jail clothes, explaining that to prevent prejudice he should at a minimum be permitted to wear a different shirt. The court informed counsel that it already asked if Johnson had any clothes to change into and he responded that he did not. The court continued, explaining that it was not the court’s concern and counsel should have provided him a shirt if counsel was concerned about the prejudice it may cause. Defense counsel further indicated that a shirt could quickly be obtained for Johnson from downstairs.[1] However, the court would not allow it.
It is well settled law that “[a] criminal defendant cannot be compelled to stand trial in prison clothing ... because it could impair the presumption of innocence, which is a basic component to the fundamental right to a fair trial.” Mullins v. State, 766 So.2d 1136, 1137 (Fla. 2d DCA 2000) (citations omitted). Further, this issue triggers equal protection concerns because, generally speaking, only those who cannot post bail prior to trial are unable to procure their own clothes to wear during trial. Id.
Here, the trial court erred in compelling Johnson to wear jail clothes during his trial. Notably, this is neither a situation where Johnson chose to do so nor a situation where the jury was unaware that the clothes were jail clothes. As such, we cannot find the error harmless. As a result, we reverse and remand to the trial court for a new trial in which Johnson is provided the opportunity to proceed in attire that does not deprive him of his right to a fair trial.

Reversed and remanded.

DAMOORGIAN, C.J., STEVENSON and CONNER, JJ., concur.

. Defense counsel was a member of the Public Defender’s Office, which maintains clothes for indigent inmates to wear in the courtroom.