WOLF, J.
Appellant challenges his convictions for armed robbery with a firearm and aggravated assault with a firearm. He argues the trial court erred in not permitting a defense witness who was incarcerated to appear at trial in civilian clothing. We agree and find that the error was harmful in this case. Thus, we reverse and remand for a new trial.
At trial, the State presented evidence that two men robbed the victim in the front yard of the home of Pharory Greene. The victim identified appellant as one of the two perpetrators. The jury was not told whether the second man was ever identified or apprehended. Greene testified as a witness for the defense. Just prior to Greene’s testimony, appellant’s counsel brought to the court’s attention that Greene was serving a jail sentence. Counsel stated that days earlier she provided civilian clothes for Greene to the jail, but she had been informed by the bailiff that Greene was not dressed. Counsel noted that the State would not be permitted to bring out on cross-examination the fact that Greene was incarcerated at the time of trial, but if Greene were forced to testify while wearing jail clothes, the jury would be alerted to that fact. The court stated, “[w]e don’t dress out witnesses” who are incarcerated, regardless of whether they are witnesses for the State or the defense.
Counsel then expressed concern that the jury might think Greene was a codefen-dant in this case, which he was not. She sought to ask Greene if he had been arrested in connection with this case. However, the court ruled that question would open the door for the State to question *1108 Greene about the details of his entire criminal history. Greene subsequently testified, while wearing jail clothes, that he knew appellant, that he witnessed the robbery, and that appellant was not one of the robbers. The jury was never informed that Greene was not a codefendant.
It is well-established that “[a] criminal defendant cannot be compelled to stand trial in prison clothing, because it could impair the defendant’s presumption of innocence, which is a basic component of the fundamental right to a fair trial.” Mullins v. State, 766 So.2d 1136, 1137 (Fla. 2d DCA 2000) (citations omitted). “In addition, equal protection concerns are triggered because ‘compelling the accused to stand trial in jail garb operates usually against only those who cannot post bail prior to trial.’ ” Id. (quoting Estelle v. Williams, 425 U.S. 501, 505, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976)).
Only one Florida court has considered the issue of whether it is error to compel a defense witness to appear in prison or jail clothing. In Mullins, 766 So.2d at 1137, the Second District found that “[ajlthough witnesses are not clothed with the presumption of innocence, we conclude that it was error here not to permit the defense witness to change clothes.” However, the Mullins court found the error was harmless in that case. Id.
Courts in other jurisdictions have also found it is error to compel a defense witness to appear in jail or prison clothing after a proper defense objection is made. The Nevada Supreme Court held that although defense witnesses do not enjoy a presumption of innocence, “the practice of requiring an incarcerated witness to appear at trial in jail garb may nonetheless prejudice a defendant affecting his constitutional right to a fair trial.” Hightower v. State, 123 Nev. 55, 154 P.3d 639, 641-42 (2007). The court reasoned the jail garb may “undermine!] the witness’ credibility,” or the jury may believe the defendant is “guilty by association” with the incarcerated witness. Id. at 641. The court also noted that the “overwhelming majority of jurisdictions hold that an incarcerated witness should not be compelled to testify in prison clothing.” Id. (citing State v. Yates, 174 Conn. 16, 381 A.2d 536, 537 (1977) (finding the “logical extension” of the principle that a defendant may not be forced to testify in prison clothing “applies to incarcerated witnesses who are required to testify while dressed in prison attire,” but finding the error harmless in that case); State v. Artwell, 177 N.J. 526, 832 A.2d 295, 303 (2003) (holding a “trial court may not require a defendant’s witness to appear at trial in prison garb” because “requiring a witness to testify in prison clothing ‘furthers] no vital State interest’ ” and “only prejudices a defendant both by undermining his or her witness’s credibility and suggesting a defendant’s guilt by association”) (citations omitted); State v. Allah Jamaal W., 209 W.Va. 1, 543 S.E.2d 282 (2000) (finding a trial court erred in compelling three defense witnesses to testify while wearing prison clothing and shackles); and ABA Standards for Criminal Justice: Discovery and Trial by Jury, Standard 15-3.2(b) (3d ed. 1996) (recommending that a defense witness should not appear at trial in prison clothing if the defendant objects)).
We agree with the majority of jurisdictions and find that as a general rule, it is error for the trial court to compel a defense witness to appear in jail or prison clothing if the defendant objects. Appellant is correct that the State would not have been permitted to elicit testimony from Greene that he was currently incarcerated. Therefore, it was error to require Greene to wear jail clothes that testified to that fact. See § 90.610, Fla. Stat.; *1109 Mosley v. State, 91 So.3d 928, 930 (Fla. 1st DCA 2012) (noting section 90.610 limits the impeachment of a witness based on her criminal record to asking how many of certain convictions she has, and if she answers falsely, the introduction of certified copies of those convictions).
In so holding, we note that there may be circumstances, such as safety concerns, that prompt a trial court in its discretion to require a witness to wear jail clothes or shackles. See Smith v. State, 7 So.3d 473, 492 (Fla.2009). Here, there were no safety concerns expressed by the court or counsel. Instead, the court refused appellant’s request for Greene to wear civilian clothing for the sole reason that it was not the common practice of the court to permit incarcerated witnesses to change clothes. The court’s ruling was error.
Further, we find the error was not harmless here. Counsel was correct that when Greene testified wearing jail clothing, it would have been reasonable for the jury to assume that Greene was the code-fendant, and thus had motive to lie about who committed the robbery. The jurors had heard evidence that two men committed the robbery in Greene’s front yard, but they were not told if the second man was ever identified or apprehended. Counsel sought to mitigate this prejudice by eliciting testimony from Greene that he was not arrested in connection with this case; however, the court found that question would open the door to Greene’s entire criminal history. Further, Greene’s testimony that he saw the robbers and that appellant was not one of them was clearly important to appellant’s defense. In light of the foregoing, we cannot say “beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction.” State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986). Therefore, the error was not harmless. As such, we REVERSE and REMAND for a new trial.
PADOVANO and RAY, JJ„ concur.