NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


JABE IRA CARNEY,                          )
                                          )
           Appellant,                     )
                                          )
v.                                        )      Case No. 2D13-3956
                                          )
STATE OF FLORIDA,                         )
                                          )
           Appellee.                      )
_____  )

Opinion filed February 11, 2015.

Appeal from the Circuit Court for Manatee
County; Thomas Krug, Judge.

Howard L. Dimmig, II, Public Defender, and
J.L. "Ray" LeGrande, Special Assistant
Public Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Timothy A. Freeland,
Assistant Attorney General, Tampa, for
Appellee.


CASANUEVA, Judge.

           Jabe Ira Carney challenges the denial of his motion, and amended motion,

for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850, in

which he raised nine grounds for relief. Five of these grounds were pursued on appeal.

We affirm the order denying postconviction relief as to all grounds and write only to

address Carney's fifth ground for relief, involving counsel's failure to object to Carney's mother testifying as a State witness in shackles and jail garb.

Carney was involved in a single-vehicle crash on February 5, 2006, near the north bound Skyway Bridge toll booth. All three occupants were thrown from the vehicle and one died. The State charged Carney as the driver. He entered a no contest plea to driving while license revoked, habitual traffic offender, and went to trial on the remaining charges of DUI manslaughter, driving while license suspended and causing death, and two counts of driving under the influence (property damage or personal injury). Carney's defense was that he was not the driver at the time of the accident. He was convicted as charged on all counts except one count of driving under the influence with property damage or personal injury, which was reduced to driving under the influence. He was sentenced to a total of fifteen years' imprisonment.

Carney's fifth ground for postconviction relief alleged that counsel was ineffective for failing to object to his mother testifying while shackled, handcuffed, and in jail attire because, even though she was called as a State witness, Carney suffered unfair prejudice due to his familial relationship with the witness. Applying the two-prong test from Strickland v. Washington, 466 U.S. 668, 686-87, 694 (1984),

> [a] party seeking postconviction relief based on ineffective assistance of counsel must show (1) counsel's specific acts or omissions were "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) prejudice by "show[ing] that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." . . . "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."

State v. Richardson, 963 So. 2d 267, 270 (Fla. 2d DCA 2007) (second alteration in original) (citations omitted).

At the postconviction hearing, Carney's counsel admitted that his failure to object was not a strategic decision; rather, it simply did not occur to him to object because Carney's mother was called as a State witness. There was no allegation that Carney's mother posed a threat to the security of the courtroom. The postconviction court found that even when a witness is called by the State, the negative influence caused by shackles and jail attire may in fact hurt a defendant "in so far as the witness is conceived to be associated with [the defendant]." (Quoting Commonwealth v. Brown, 305 N.E. 2d 830, 834 (Mass. 1973).) Nonetheless, the court concluded that based on the substance of the mother's testimony and the other evidence introduced against Carney, the result of the trial would have been the same even if Carney's mother had been unshackled and dressed in nonjail attire. We agree with the postconviction court on both points.

"[A]s a general rule, it is error for the trial court to compel a defense witness to appear in jail or prison clothing if the defendant objects." Hayes v. State, 140 So. 3d 1106, 1108 (Fla. 1st DCA 2014); see also Mullins v. State, 766 So. 2d 1136, 1137 (Fla. 2d DCA 2000). Some states have extended this general rule to all witnesses in criminal cases, whether for the prosecution or for the defense. See State v. Kuchera, 969 A.2d 1052, 1055 (N.J. 2009); State v. Rodriguez, 45 P.3d 541, 542 (Wash. 2002).

Florida has not adopted such a rule and, in several cases, has rejected claims of prejudice resulting from State witnesses appearing in jail or prison garb. In Hedrick v. State, 6 So. 3d 688 (Fla. 4th DCA 2009), the Fourth District agreed with the

trial court that the defendant was not prejudiced by the appearance of his co-defendants in shackles and prison garb and further concluded that defense counsel's decision not to object was reasonable.  In that case, the co-defendants were brought in by the State only as a "demonstrative exhibit" to show the relative height of the co-defendants and Hedrick.  Id. at 694.  The co-defendants' involvement in the crime was not disputed, and Hedrick's theory was that he was there but did not participate in the crime.  Id.  Further, Hedrick's "[t]rial counsel testified that he felt this actually helped the defendant because the [S]tate was relying on prisoners to make its case."  Id.

In Tompkins v. State, 386 So. 2d 597 (Fla. 5th DCA 1980), the defendant was accused of committing a sexual battery against another inmate while incarcerated at Sumter Correctional Institution.  In that case, the Fifth District found:

> [A]ppellant's contention that his right to a fair trial was prejudiced by the trial court's permitting [S]tate's witnesses to appear in prison attire is without merit.  If there was any prejudice, it was against the [S]tate, since the fact of the [S]tate's witnesses' inmate status would affect the credibility of their testimony against the defendant.

Id. at 599.

There is a dearth of case law addressing whether prejudice may result against a defendant when a witness called by the State appears in shackles and jail garb and that witness is known to be closely associated with the defendant.  While it is true that a State witness's inmate status will most often prejudice the State, if anyone, because of the impact on the witness's credibility, see Tompkins, 386 So. 2d at 599; it is also true that the witness's inmate status may hurt the defendant "in so far as the witness is conceived to be associated with him," Brown, 305 N.E. 2d at 834 (emphasis added).

In <u>Hayes</u>, 140 So. 3d at 1108, the First District "agree[d] with the majority of jurisdictions and [found] that as a general rule, it is error for the trial court to compel a defense witness to appear in jail or prison clothing if the defendant objects." In doing so, the court noted that cases from other jurisdictions have concluded that "jail garb may 'undermine[] the witness' credibility,' <u>or the jury may believe the defendant is 'guilty by association' with the incarcerated witness</u>." <u>Id.</u> (alteration in original) (emphasis added) (quoting <u>Hightower v. State</u>, 154 P.3d 639, 641 (Nev. 2007)). We conclude that this injury of guilt by association may result in prejudice to the defendant regardless of whether the witness is called by the State or the defendant where, as here, the defendant is perceived to be closely associated with the witness. Thus, under the facts of this case, we find that counsel's failure to object to Carney's mother appearing in shackles and jail garb constituted deficient performance.

Nonetheless, in light of the substance of the mother's testimony and the strong evidence introduced against Carney at trial, we agree with the postconviction court that the result would have been the same even if Carney's mother had not been shackled and dressed in jail attire. Carney has thus failed to establish ineffective assistance of counsel because the prejudice prong of <u>Strickland</u> has not been met. <u>See</u> <u>Richardson</u>, 963 So. 2d at 270. Accordingly, we affirm.

Affirmed.

WALLACE and SLEET, JJ., Concur.