IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

GEORGE THOMPSON,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-5770

CORRECTED PAGES: pg 1
CORRECTION IS UNDERLINED IN RED
MAILED: June 8, 2016
BY: NMS

Opinion filed June 7, 2016.

An appeal from the Circuit Court for Leon County.
Ronald W. Flury, Judge.

Nancy A. Daniels, Public Defender, Kathleen Stover and Steven L. Seliger, Assistant Public Defenders, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Trisha Meggs Pate, Assistant Attorney General, Tallahassee, for Appellee.

MAKAR, J.

      Appellant George Thompson was charged with aggravated stalking after court order. He was convicted after a jury trial in which two heavily-edited videos were shown of his first appearances in criminal court in jail garb in front of a judge who instructed him to have no contact with the victim. Despite the judicial admonition, Thompson made repeated phone calls to her (fifty-one from jail in one day alone)

and continued his stalking of the victim while incarcerated and upon release. The trial judge in this case ruled that the probative value of the videos (showing that Thompson was explicitly instructed to have no contact) outweighed their prejudice (showing Thompson in jail garb), which Thompson claims was error and deprived him of a fair trial.

As a general matter, Thompson is correct that showing him in jail clothing during his criminal jury trial undermines the presumption of innocence to which he is entitled. Estelle v. Williams, 425 U.S. 501, 504 (1976) (noting that "[c]ourts have, with few exceptions, determined that an accused should not be compelled to go to trial in prison or jail clothing because of the possible impairment of the presumption that is so basic to the adversary system") (footnote omitted); see also Hayes v. State, 140 So. 3d 1106, 1108 (Fla. 1st DCA 2014) ("[I]t is error for the trial court to compel a defense witness to appear in jail or prison clothing if the defendant objects."). Here, he was not required to wear jail clothing during the trial, he committed a portion of the charged crime while in jail (the repeated jailhouse phone calls), and the videos were edited to include only the limited portions where he was told (and said he understood) that he was to have no contact with the victim. But playing the video and accompanying audio allowed the prosecutor to use the visual and aural imprimatur of the first appearance judge as a quasi-witness against Thompson, which is prejudicial. The potential for error could have been reduced by simply

2

allowing the jury to review a stipulation or transcription of what the first appearance judge told Thompson (that might have allowed Thompson to claim he didn't understand the judge, but the clarity of what is said rebuts that). Indeed, the trial judge inquired about playing only the audio portion of the videos, but was told that was not possible; why the video screen could not be turned off or covered is unexplained in the record. We are left with the case as we find it.

As mentioned forty years ago, "the courts have refused to embrace a mechanical rule vitiating any conviction, regardless of the circumstances, where the accused appeared before the jury in prison garb." Estelle, 425 U.S. at 507. Moreover, the "harmless-error doctrine is applicable to this line of cases." Id. at 506. To the extent an error occurred here, it was harmless beyond a reasonable doubt. Yes, the videos were important evidence that resulted in an aggravated stalking conviction (versus a lesser stalking charge), but other substantial evidence established guilt on the more severe charge. And the jury already knew that Thompson was in jail when he made harassing calls and was put on notice by the first appearance judge, thereby attenuating the impact the videos would have had. U.S. ex rel. Stahl v. Henderson, 472 F.2d 556, 557 (5th Cir. 1973) ("No prejudice can result from seeing that which is already known."). Under these circumstances, affirmance is warranted.

AFFIRMED.

ROBERTS, C.J., and OSTERHAUS, J., CONCUR.

3