25CA0488 Peo v Davis 03-05-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA0488
City and County of Denver District Court No. 23CR1939
Honorable Nikea T. Bland, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Andrew J. Davis,

Defendant-Appellant.

ORDER AFFIRMED

Division VII
Opinion by JUDGE GOMEZ
Pawar and Johnson, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 5, 2026

Philip J. Weiser, Attorney General, Radhika M. Kattula, Assistant Attorney
General Fellow, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Zoe Bernstein, Deputy State
Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1    Defendant, Andrew J. Davis, appeals the district court's order requiring him to pay restitution.  We affirm.

## I.    Background

¶ 2    Davis was charged with two counts of second degree assault based on allegations that he attacked a sergeant while housed at the Denver Detention Center.

¶ 3    As part of a plea agreement, Davis pleaded guilty to third degree assault in exchange for dismissal of the remaining counts.  The parties agreed to a 364-day jail sentence with 534 days of presentence confinement credit.  As relevant here, the plea agreement provided that the prosecution would "seek restitution in the amount of $3,879.27" and "Defendant objects."  The district court accepted the agreement, sentenced Davis accordingly, and set the matter for a restitution hearing.

¶ 4    At the hearing, the prosecution presented evidence from a subrogation recovery specialist for the City and County of Denver.  The specialist testified that the city paid $1,696.71 in medical expenses and $2,182.56 in lost wages for the sergeant who was the victim of the assault.  The prosecution also tendered two reports showing the various payments that were made for the sergeant's

medical treatment and a third report reflecting the total amount of salary continuation that the city paid through workers' compensation. Davis did not present any additional evidence.

¶ 5 Based on the evidence presented, the district court found that Davis's conduct was the proximate cause of the city's losses and ordered him to pay $3,879.27 in restitution.

## II. Discussion

¶ 6 Davis contends that the prosecution presented insufficient evidence at the restitution hearing to support the city's claimed losses. We disagree.

## A. Governing Law

¶ 7 A district court may award restitution for costs incurred by a governmental agency that provides medical benefits to a victim for losses or injuries that were proximately caused by the defendant's conduct. *See* § 18-1.3-602(3)(d), C.R.S. 2025. The prosecution bears the burden of proving by a preponderance of the evidence both the amount of restitution owed and that the victim's losses were proximately caused by the defendant. *People v. Stone*, 2020 COA 24, ¶ 6.

## B.     Standard of Review

¶ 8     The parties disagree on the appropriate standard of review. Davis asserts that his contention presents a sufficiency-of-the-evidence challenge that we should review de novo, *see Martinez v. People*, 2024 CO 6M, ¶ 19, while the People assert that we should review for clear error, *see id.* at ¶ 3.

¶ 9     As we understand it, Davis's contention is a challenge to the district court's conclusion that the prosecution proved by a preponderance of the evidence that he caused $3,879.27 in losses to the city.  This is a challenge to the sufficiency of the evidence presented, and not a challenge to the court's proximate cause determination.  Therefore, our review is de novo.  *See id.* at ¶ 19. Reviewing de novo, we evaluate "whether the evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, establishes by a preponderance of the evidence that the defendant caused that amount of loss.  *People v. Barbre*, 2018 COA 123, ¶ 25.

## C.     Analysis

¶ 10     At the restitution hearing, the subrogation recovery specialist for the city testified that she prepared both the medical treatment

reports and the workers' compensation report. She explained that the medical treatment reports were composed of costs that the medical providers sent to the city for payment. She also explained that the workers' compensation report reflected the salary continuation amounts the city paid through workers' compensation.

¶ 11 The specialist also testified that while it wasn't her job to "certify" that the amounts provided were correct, she had "no doubts in her mind" that they were. She explained that her "job is to recover cost[s] and to gather information," so she "must rely on other people to do what they are supposed to do and to handle . . . their parts of their jobs correctly." She added that because their system keeps copies of the actual medical bills, she can always go back and verify the correctness of the information provided, and that she "did do that before coming in . . . for th[e] hearing."

¶ 12 At the conclusion of the hearing, the prosecution asked the court to take judicial notice of Davis's guilty plea and to recall the evidence the prosecution presented at the preliminary hearing.

¶ 13 Based on this, the district court found that the prosecution established, by a preponderance of the evidence, that Davis caused

$3,879.27 in losses. The court therefore ordered restitution for this amount.

¶ 14     Davis submits that the district court erred by ordering restitution because the prosecution didn't present any "direct evidence" regarding the amount of the claimed loss. In particular, he points to the absence of testimony from any witnesses who had "firsthand, or even secondhand, knowledge" about the claim. But we conclude, for three reasons, that the record contains sufficient evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, to prove by a preponderance of the evidence that Davis caused that amount of loss. *See id.*

¶ 15     First, the prosecution may rely solely on documentary evidence to meet its evidentiary burden. *People in Interest of A.V.,* 2018 COA 138M, ¶ 35; *see also People v. Ortiz,* 2016 COA 58, ¶ 28 (noting that a court may award restitution based solely on a victim impact statement even though such a statement is considered hearsay). And Davis didn't contradict the prosecution's evidence related to the claimed amounts, so the court did not err by relying on the amounts included in the specialist's reports. *See People v.*

*Miller*, 830 P.2d 1092, 1094 (Colo. App. 1991) (absent evidence that the information is incorrect, the court can rely on restitution evidence submitted by the prosecutor).

¶ 16    Second, the rules of evidence — including rules regarding hearsay — don't apply to restitution determinations. *People v. Babcock*, 2023 COA 49, ¶ 31 n.3.  So the district court was free to give the medical treatment reports and the workers' compensation report whatever weight the court thought was appropriate.

¶ 17    And third, while more than mere speculation is required, the prosecution need not prove restitution by the same quality of evidence required in a trial. *A.V.*, ¶ 24.  The district court considered the unrefuted testimony provided by the city's subrogation recovery specialist who handled the sergeant's claim. The court noted that the assault charges stemmed from an incident that occurred on April 5, 2023, and that the specialist's reports included losses that began on that date.  The court further found that the claim was reasonable based on the court's understanding of what the sergeant's injuries were from the evidence presented at the preliminary hearing.  And although the court acknowledged that the specialist wasn't responsible for looking at and verifying the

accuracy of every bill, the court found that "there are systems in place so that this information can be properly presented to the court."

¶ 18    Still, Davis contends that, based on the evidence presented, he wasn't afforded an opportunity to contest the amount of restitution requested.  But Davis received notice of the restitution request more than two months before the hearing and received the reports the city's subrogation recovery specialist testified to at the hearing.  *Cf. People in Interest of J.L.R.*, 895 P.2d 1151, 1153 (Colo. App. 1995) (the defendant's mother wasn't given a meaningful opportunity to be heard because she didn't receive adequate notice of her potential liability for restitution).  The district court then held a hearing, at which Davis had the opportunity to contest the prosecution's restitution request.  *Cf. People v. Walters*, 796 P.2d 13, 15 (Colo. App. 1990) (imposing restitution without a hearing denied the defendant the ability to "controvert the victim's claimed monetary damages").  And defense counsel challenged this evidence at the hearing.  Davis therefore had a sufficient opportunity to contest the amount of the restitution requested.

¶ 19    Given all this, and considering the evidence in the light most favorable to the prosecution, we conclude that sufficient evidence supports the district court's restitution award.

### III.    Disposition

¶ 20    The order is affirmed.

JUDGE PAWAR and JUDGE JOHNSON concur.