## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. ID. No. 1211016788 |
| | ) | |
| | ) | |
| | ) | |
| RONALD DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: July 7, 2017
Decided: September 6, 2017

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE SUMMARILY DISMISSED AND THE MOTION TO WITHDRAW AS COUNSEL SHOULD BE GRANTED

Brian J. Robertson, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Ronald Davis, James T. Vaughn Correctional Center, Smyrna, Delaware.

Christopher S. Koyste, Esquire, Law Office of Christopher S. Koyste, LLC, Wilmington, DE, counsel for Ronald Davis.

**MAYER,** Commissioner

This 6th day of September, 2017, upon consideration of Defendant's Motion for Postconviction Relief, the Motion to Withdraw as Counsel and the record in this matter, the following is my Report and Recommendation.

## FACTUAL AND PROCEDURAL BACKGROUND

This case began almost five years ago when Defendant was arrested after leading law enforcement on a vehicle and foot chase. Defendant was afforded a prompt review by the court and a preliminary hearing was held on November 28, 2012.[1] At the time of arrest, Defendant was charged with multiple offenses – including Failure to Stop at a Stop Sign.[2] Ultimately, Defendant was indicted on the charges of Possession of a Deadly Weapon by a Person Prohibited ("PDWBPP"), Illegal Possession of a Controlled Substance, and Resisting Arrest. On the date of trial, the State dismissed the charge of Illegal Possession of a Controlled Substance. Defendant was later convicted after a jury trial on the remaining charges.[3] The State then moved to declare Defendant an habitual offender and on December 6, 2013, the

---

[1] *See* D.I. # 1 and Transcript of Preliminary Hearing Proceedings dated November 28, 2012, Appendix at A19-40. References to the "Appendix" herein refer to the Appendix to Memorandum in Support of Motion to Withdraw as Counsel, D.I. #s 57 & 58.

[2] *See* Complaint and Warrant, Appendix at A8-19.

[3] D.I. # 22.

1

Court granted the State's motion.[4] After filing an appeal, Defendant's conviction was affirmed by the Delaware Supreme Court.[5]

Defendant's case then took a few turns that complicated a resolution of the issues at bar. The Office of Defense Services (the "ODS") filed a Motion for Postconviction Relief to Vacate Title 16 Conviction Related to Drug Evidence (the "ODS Motion").[6] However, upon further review, the ODS concluded that the motion should be withdrawn because Defendant was not convicted of a drug charge.[7] During this time, Defendant filed a *pro se* Motion for Postconviction Relief. In light of the withdrawal of the ODS Motion, the court gave Defendant approval to submit an amended motion. Christopher S. Koyste, Esquire ("Counsel") was subsequently appointed to represent Defendant with respect to his postconviction matters. Despite this, Defendant filed two (2) additional *pro se* amended motions for postconviction relief.[8] Counsel has reviewed each of Defendant's pleadings[9] and has filed a

---

[4] D.I. #s 24-25.

[5] D.I. # 39.

[6] D.I. # 36.

[7] D.I. # 42.

[8] Defendant's papers can be found at D.I. #s 38, 49 and 53.

[9] The Motion to Withdraw included a review of all claims raised by Defendant in his papers filed on August 18, 2014, July 18, 2016 and May 12, 2017.

Memorandum in Support of Motion to Withdraw as Counsel Pursuant to Rule 61(e)(6) (the "Motion to Withdraw").[10] At the time of the filing of the motion, Defendant was notified that he had 30 days to file a response. Defendant did not submit a response to the Motion to Withdraw. After reviewing the submissions, I do not believe any additional briefing is necessary. The following is my Report and Recommendation that Defendant's request for postconviction relief should be summarily dismissed.

## CONCLUSIONS OF LAW

Prior to ruling on a motion for post-conviction relief, the Court must first determine whether there are any procedural bars before considering the merits of the claims.[11] Although amended multiple times over a period of several years, this is Defendant's first motion under Superior Court Criminal Rule 61 and it was timely filed. However, "[i]f it plainly appears from the motion for postconviction relief and the record of the prior proceedings in the case that the movant is not entitled to relief, the judge may enter an order for its summary dismissal and cause the movant to be notified."[12] After reviewing the Motion to Withdraw, Defendant's claims, and the record in this matter, I recommend that the motion be summarily dismissed.

---

[10] D.I. #s 55-58.

[11] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[12] Super. Ct. Crim. R. 61(d)(5).

3

Although Defendant raises numerous claims, three can be dismissed at the outset. First, Defendant's claim that he was denied his right to due process because he never had a preliminary hearing, and did not waive his right to a preliminary hearing, is wholly without merit. A preliminary hearing was in fact held on November 28, 2012, and the transcript reflects Defendant's attendance at the hearing as well as his counsel's vigorous cross-examination of the witness.[13] Second, Defendant claims he was not present at the time he was declared an habitual offender. The record though clearly shows that Defendant was present at the sentencing hearing when the Court granted the State's petition.[14] Third, Defendant appears to incorporate the ODS Motion and arguments relating to an alleged *Brady*[15] violation with respect to the investigation at the Office of the Chief Medical Examiner (the "OCME"). Defendant was not convicted of any drug charges though,

---

[13] Transcript of Preliminary Hearing Proceedings dated November 28, 2012, Appendix at A19-40.

[14] To the extent Defendant also argues that counsel was ineffective for failing to advise him that he was habitual offender eligible or challenging the petition, this claim is also belied by the record. At the April 23, 2016 Case Review Hearing, the Court engaged in a colloquy with the Defendant wherein he acknowledged that the State was seeking to have him declared an habitual offender and Defendant elected to reject the State's plea offer and proceed to trial. *See* Appendix at A43-47. Further, Defendant's record shows he was habitual offender eligible and Defendant has offered no legal basis by which the petition may have been challenged.

[15] *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

4

nor was any evidence used at trial with respect to the OCME.[16] In light of the above, these arguments are wholly unsupported by the record and may be summarily dismissed.

Defendant's remaining claims consist of numerous allegations of ineffective assistance of counsel. In order to prevail on an ineffective assistance of counsel claim, a defendant must show that his counsel's representation fell below an objective standard of reasonableness and that but for the errors, there is a reasonable probability that the outcome of the proceedings would have been different.[17] Defendant must overcome a strong presumption that counsel's conduct was reasonably professional under the circumstances.[18] Defendant must also show that any alleged errors were so serious that his counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.[19] "A defense attorney may not be faulted for a reasonable miscalculation or lack of foresight or for failing

---

[16] *See* D.I. # 22. On September 4, 2013, before trial, the State dismissed the charge of Illegal Possession of a Controlled Substance. As such, Defendant could not have suffered any prejudice from the incident that occurred at the OCME.

[17] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Hitchens v. State*, 757 A.2d 1278 (Del. 2000).

[18] *State v. Wright*, 653 A.2d 288, 293-94 (Del. Super., 1994) (citations omitted).

[19] *State v. Finn*, 2012 WL 1980566, at *4 (Del. Super., May 23, 2012).

to prepare for what appear to be remote possibilities."[20]  Mere allegations of ineffectiveness will not suffice, rather, a defendant must make and substantiate concrete allegations of actual prejudice.[21]  Great weight and deference are given to tactical decisions by the trial attorney and counsel cannot be deemed ineffective for failing to pursue motions that lack merit.[22]  Additionally, it is the attorney's "right to decide certain strategic and tactical decisions, including what witnesses to call, whether and how to conduct cross-examination, what trial motions should be made, and what evidence should be introduced."[23]  When judging a claim of ineffectiveness, the benchmark is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."[24]

Defendant argues that Trial Counsel was ineffective for failing to provide him with a copy of a warrant prior to sentencing.  Defendant admits though that he was

---

[20] *Id* (holding defense counsel provided active and capable advocacy when evidence against Defendant was overwhelming) (citing *Harrington v. Richter*, 131 S. Ct. 770, 787-792 (2011)).

[21] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

[22] *State v. Miller*, 2013 WL 871320, at *4 (Del. Super., Feb. 26, 2013).

[23] *State v. Cooke*, 2010 WL 3734113, at * 16 (Del. Super. Aug. 19, 2010) (internal citations omitted).  *See also Cooke v. State*, 977 A.2d 803, 840-841 (Del. 2009).

[24] *State v. Wright*, 2015 WL 648818 (Del. Super. Feb. 12, 2015) (citations omitted).

served with a copy of the warrant.[25] There is also no constitutional right to discovery and no obligation of counsel to provide it.[26] Defendant also argues that Trial Counsel was ineffective for failing to move to sever the PDWBPP charge and that he was prejudiced by the presentation of his "person prohibited" status to the jury. In order to prevail on such a claim, a defendant "must show that joinder of the offenses was sufficiently prejudicial that it was objectively unreasonable for defense counsel not to move for severance."[27] On September 5, 2013, the date of trial, the State and Defendant presented a stipulation conceding the fact that Defendant was a person prohibited as defined by the applicable statute.[28] Since Defendant elected to testify, the stipulation prevented the State from using Defendant's prior convictions to impeach him or to taint the jury. This strategy is frequently used by trial counsel and cannot be said to be objectively unreasonable or to have caused Defendant prejudice.[29] Trial Counsel did not err with respect to the foregoing issues and Defendant's claims are without any support.

---

[25] *See* Appendix at A219-220.

[26] *State v. Robinson*, 2012 WL 1415645, at *3 (Del. Super. Jan. 31, 2012).

[27] *Dale v. State*, 2017 WL 443705, at *2 (Del. Jan. 31, 2017).

[28] D.I. # 20 & 22.

[29] *See e.g. Wheeler v. State*, 2015 WL 6150936, at *3 (Del. Oct. 19, 2015) (denying claim of ineffective assistance of counsel when defendant failed to establish a reasonable probability that the outcome would have been different); *Bell v. State*,

7

The next set of claims share a common basis and in various ways argue that Trial Counsel was ineffective for failing to move to suppress a firearm, for not challenging the arrest, and because he did not remove himself as trial counsel. Law enforcement observed Defendant fail to stop at a marked stop sign. Once that occurred, the officers had reasonable and articulable suspicion to stop and detain Defendant. When they attempted to do so, Defendant fled by car and then on foot. Two officers testified that while pursuing Defendant, they saw him toss a firearm over a wooden fence into an alleyway. The firearm was recovered and Defendant admitted to possessing it. Further, Defendant was in fact originally charged with Failure to Stop at a Stop Sign,[30] and therefore that charge did form a basis for the stop and subsequent indictment. The evidence before the Court, including the testimony of the officers and the Defendant's admission, did not support suppression of the firearm. In light of the fact that great deference is given to tactical decisions by the trial attorney, Trial Counsel will not be deemed ineffective for failing to move to suppress the firearm, for failing to recuse himself, or for not filing a motion to suppress the arrest.

---

1993 WL 169143, at *3 (Del. May 3, 1993) (finding defendant cannot establish prejudice because by taking the stand to testify he subjected himself to impeachment for his prior convictions).

[30] *See* Charge History Record, Appendix at A114.

With respect to Defendant's next claim, Trial Counsel was likewise not ineffective for failing to move to dismiss for lack of a speedy trial. The courts review four factors when assessing a defendant's speedy trial rights, however, unless the delay is lengthy enough to be "presumptively prejudicial there is no need to inquire into the remaining factors."[31] Here, the time from indictment to trial was approximately eight (8) months and the time from arrest to trial was just over nine (9) months.[32] On appeal, the Delaware Supreme Court already determined that the delay in this case was not presumptively prejudicial and Defendant's claim of a speedy trial violation was without merit.[33] As such, Trial Counsel's failure to pursue a motion on these grounds was not ineffective assistance of counsel.

To the extent Defendant believes counsel was ineffective for allowing Officer Santiago to testify at trial and by not objecting to the State's use of leading questions, he is mistaken. Two law enforcement officers consistently testified that Defendant

---

[31] *See Booker v. State*, 2017 WL 3014360, at *3 (Del. July 14, 2017) (holding sixteen months from indictment to trial was not presumptively prejudicial), citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972); *Middlebrook v. State*, 802 A.2d 268, 273-74 (Del. 2002). *See also State v. Taylor*, 2015 WL 9592457, at *2 (Del. Super. Dec. 17, 2015) (holding eighteen month delay was not presumptively prejudicial).

[32] The right to a speedy trial attaches at the date of arrest or indictment, whichever comes first. *Middlebrook v. State*, 802 A.2d 268, 273 (Del. 2002).

[33] *See Davis v. State*, No. 691,2013 (Del. Aug. 12, 2014). Although couched as a claim of ineffectiveness of counsel, this argument is also barred by Superior Court Criminal Rule 61(i)(4) as formerly adjudicated.

9

ran through a marked stop sign, attempted to elude officers by car and on foot, and they subsequently saw him throw a firearm into an alleyway. A third officer testified that Defendant admitted to having had a gun. In this case, the only potentially objectionable testimony that the Defendant points to was the State's efforts to have one of the officer's describe the landscape and layout of the area, by way of diagram/map, where the Defendant fled and was arrested. This type of questioning is not prejudicial and was not used for any improper purpose.[34] Counsel's lack of objection was therefore reasonable.

Finally, Counsel has raised an additional claim in an attempt to aid Defendant herein. Counsel noted that Defendant may have appeared before the jury in prison attire and this may have prejudiced his right to a fair trial.[35] However, after analyzing the claim, Counsel concluded it was without legal support. I agree. As Counsel asserts, "an accused should not be compelled to go to trial in prison or jail clothing because of the possible impairment of the presumption" of innocence.[36] The Delaware Supreme Court though has rejected an argument of ineffectiveness of

---

[34] *See Christiana Care Health Servs. v. Crist*, 956 A.2d 622, 626 (Del. 2008) ("A trial judge has broad discretion in allowing leading questions of a witness, including during the direct examination").

[35] The trial transcript does not reflect Defendant having appeared in prison attire.

[36] *Estelle v. Williams*, 425 U.S. 501, 504 (1976).

counsel when the nature of the evidence against the defendant could cause no harm or prejudice.[37] In this case, multiple police officers testified to having seen Defendant throw a firearm, it was recovered, and Defendant admitted to having possessed it. In consideration of the strength of the evidence against Defendant, no harm or prejudice has been shown by Defendant, nor was Trial Counsel ineffective due to Defendant's possible attire before the jury.

## MOTION TO WITHDRAW

Counsel submits that after a thorough analysis of the record, he has determined that the claims asserted by Defendant lack merit and cannot be ethically advocated. Counsel also sought out any potentially meritorious grounds for relief but came to the conclusion that nothing further would assist Defendant with postconviction relief. Counsel provided Defendant with an opportunity to supplement the record, but Defendant elected not to file anything further. Despite this, Counsel's brief addresses each of the arguments presented by Defendant throughout his multiple *pro se* filings, as well as raises (and dismisses) an additional potential claim. I am satisfied that Counsel has made a conscientious examination

---

[37] *Masarone v. State*, 134 A.3d 761, 762-763 (Del. 2016).

of the record and the law for arguable claims.[38]  As such, the Motion to Withdraw should be granted.

For all of the foregoing reasons, Defendant's Motion for Postconviction Relief should be summarily dismissed and the Motion to Withdraw should be granted.

**IT IS SO RECOMMENDED.**

Commissioner Katharine L. Mayer

oc:    Prothonotary
cc:    Christopher S. Koyste, Esquire
       Brian J. Robertson, Esquire
       Ronald Davis

---

[38]    *See Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).